UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL BEAMES,<br><br>              Petitioner,<br><br>   vs.<br><br>MICHAEL MARTEL, Acting Warden of San Quentin State Prison,<br><br>              Respondent. | Case No. 1:10-CV-01429-AWI-P<br><br>DEATH PENALTY CASE<br><br>Order Regarding Briefing of Claim 11 in Federal Petition |

On July 27, 2011, Petitioner John Michael Beames ("Beames") filed his petition for writ of habeas corpus in the Eastern District of California. Concurrently, Beames filed a second petition for habeas relief with the California Supreme Court, presenting claims which were included in the federal petition but were unexhausted. *See* Case No. S195127. In Claim 11 of his federal petition, Beames alleges trial counsel Rothbaum failed to contest the central factual allegation of the prosecutor's case: that Cassie had been killed by a blow to the midsection that severed her liver and caused a fatal hemorrhage. Beames contends the jury never learned that a competent autopsy and forensic analysis would have established a completely different cause of death with very different legal implications, that in fact, Cassie died from malnutrition and a systemic

infection and not from any act of violence, and that her transected liver and broken ribs were sustained post-mortem, likely as the result of Beames' attempts at resuscitation.

Beames alleges the jury never heard this evidence because Rothbaum failed to obtain and present it; did not consult a forensic expert regarding cause of death; failed to identify the gross defects in autopsy methodology that contributed to the state's incorrect conclusions; failed to educate himself about autopsy protocol for suspected child abuse homicide cases; and failed to investigate the backgrounds of the state's experts or discover glaring patterns of professional error and incompetence.  *See* Claim 11.

Beames contends a competent expert would have described how sub-standard the testifying pathologist's methodology was in his case, and that contrary to Cassie being tortured to death, she in fact died of malnutrition, ultimately succumbing to a massive, fatal infection, and that as such, he is at most guilty of manslaughter.  Further, Beames argues that prejudice from Rothbaum's failure to adequately defend against the state's assertion of Cassie's cause of death was exacerbated by his refusal to request instructions of lesser included offenses, forcing the jury into an all-or-nothing decision.

Dr. Dollinger, who performed Cassie's autopsy and testified at trial to the cause of her death and other signs of abuse, was subsequently disciplined by the California Medical Board for misdiagnosing the cause of death of five other infants around the same time.  *See* Exhibit 2.  Beames' expert submits that Dr. Dollinger failed to take critical measurements, failed to create and analyze tissue slides to accurately diagnose the manner of death and the timing of injuries. Beames asserts that had Rothbaum consulted his own expert concerning pediatric pathology, there is a reasonable possibility the result would have been

different since a reasonable doubt could have been raised concerning many elements of first degree torture murder, the torture murder special circumstance, and the substantive crime of torture.

Further, the other two prosecution experts, Doctors Bennett and Stephens, were not present at the autopsy and merely based their conclusions on Dr. Dollinger's autopsy. Beames alleges evidence to impeach both their testimonies was readily available had Rothbaum investigated.

Beames asserts this claim was presented to the California Supreme Court in his first state habeas petition. *See* Case No. S153603.

In light of these allegations and the possibility that resolution in Beames' favor will result in a grant of the writ as to his conviction, the following schedule is established:

1. The Warden shall file an answer as to Claim 11 on or before August 31, 2011. The answer shall address the allegations in this claim and be filed without points and authorities, consistent with Rule 5 of the Rules governing § 2254 Cases, meaning it should respond the allegations and frame the issues in dispute. *See Williams v. Calderon*, 52 F.3d 1465, 1483 (9th Cir. 1995). The answer also shall allege and raise all substantive and procedural affirmative defenses the Warden intends to pursue with regard to this claim.

2. Following the filing of the answer, the parties shall meet and confer regarding the exhaustion status of this claim, and to propose a schedule for merits briefing, and further factual development if necessary, of this claim. A Joint Statement regarding exhaustion and briefing of Claim 11 shall be

1  filed by September 30, 2011.  Concurrently, Beames shall file under seal a
2  proposed budget necessary to complete the briefing for this claim.
3
4 IT IS SO ORDERED.
5
6 DATED:     July 29, 2011
7                                             /s/ Anthony W. Ishii
8                                        Chief United States District Judge