UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL BEAMES,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>MICHAEL MARTEL, Acting Warden<br>of San Quentin State Prison,<br><br>　　　　　Respondent. | Case No. 1:10-CV-01429-AWI-P<br><br>DEATH PENALTY CASE<br><br>Order Regarding Exhaustion<br>Status of Claim 11 in Federal<br>Petition |

  On July 27, 2011, Petitioner John Michael Beames ("Beames") filed his petition for writ of habeas corpus in the Eastern District of California. In Claim 11 of his federal petition, Beames alleges trial counsel Rothbaum failed to contest the central factual allegation of the prosecutor's case: that Cassie had been killed by a blow to the midsection that severed her liver and caused a fatal hemorrhage. Beames contends the jury never learned that a competent autopsy and forensic analysis would have established a completely different cause of death with very different legal implications, that in fact, Cassie died from malnutrition and a systemic infection and not from any act of violence, and that her transected liver and broken ribs were sustained post-mortem, likely as the result of Beames' attempts at resuscitation.

The Warden filed an answer as to Claim 11 as ordered, on August 29, 2011. The Warden states no procedural bar is applicable to Claim 11, that all but one subclaim have been exhausted, and that the AEDPA controls the disposition of this case. Claim 11 asserts that trial counsel was constitutionally deficient for failing to: (1) retain and present his own pediatric forensic pathologist with respect to Cassie's cause of death; (2) adequately cross-examine the prosecution's medical experts on this subject; (3) request lesser included instructions; and (4) conduct a reasonable investigation with respect to Cassie's cause of death, all of which resulted in prejudice. The Warden asserts the fourth subclaim, failure to conduct a reasonable investigation into the cause of Cassie's death, was not presented to the state court and is not exhausted.

The Warden denies that Beames is entitled to federal habeas relief on Claim 11, including the unexhausted subclaim. Specifically, the Warden asserts that Beames has not demonstrated the state court's rejection of these subclaims was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court (*see* 28 U.S.C. § 2254 (d)(1)), or that the rejection was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings (*see* § 2254 (d)(2)).

Beames responded, asserting the Warden's theory of non-exhaustion is fundamentally flawed and Claim 11 is fully exhausted. Beames contends his state petition identified the constitutional guarantee on which the claim was based and discussed the governing federal law, as well as presented the factual basis of the claim. Beames states that in both the federal and state petitions he faulted trial counsel for failing to retain a defense expert to review the autopsy report and provide an alternate and exculpatory opinion, and for failing to

expose the errors and incompetence of the prosecution experts.  Beames argues that the supporting evidence, with one exception[1], was presented to the state court, and that the text of Claim 11 is nearly identical to the claim in the state petition.

Beames observes that first, in the Answer, the Warden challenged as unexhausted the claim of counsel failed to conduct a reasonable investigation with respect to Cassie's death, and second, in the Brief Regarding Exhaustion, challenged as unexhausted the claim that counsel failed to adequately investigate the prosecution's experts.  Beames contends the first assertion, trial counsel's failure to investigate the true cause of Cassie's death, goes to the very core of the claim, which was repeated throughout the state petition, along with allegations that this failure violated the Sixth Amendment.  Beames further contends the second assertion was repeatedly alleged in the state petition, and the change from trial counsel's failure to "adequately cross-examine" the state's experts, to "adequately investigate and cross-examine" is a minor change that does not create a new claim.  Beames asserts that the state petition repeatedly alleges the inaccuracies of the state's experts regarding Cassie's injuries, and presents the theory that trial counsel was deficient for failing to effectively cross-examine them and expose their errors.

The Warden replies that the difference in language of the Answer and the brief regarding exhaustion is due to vagueness in Beames' petition, and asserts that the subclaim pertaining to trial counsel's alleged inadequate investigation as set forth in Claim 11 is unexhausted.  The Warden asserts that isolated sentences

---

[1] Beames acknowledges the declaration of Allen Bloom submitted in support of the federal petition, Exhibit 158, was not presented to the state court, and that while it may not be considered for purposes of analysis under 28 U.S.C. § 2254(d), it may be considered for other purposes.

scattered throughout Beames' state petition doe not allege a substantive claim that trial counsel was ineffective for failing to investigate.  Rather, the Warden asserts that these scattered sentences are no more than supporting argument for the other subclaims, specifically, the failure to retain and present defense experts, and the failure to adequately cross-examine the prosecution's experts.  The Warden asserts the addition of "adequately investigate" to those subclaims creates a new subclaim.  The Warden argues that Beames presented the claim of inadequate investigation of the prosecution's experts in his exhaustion petition, which is a sign that the subclaim of inadequate investigation in Claim 11 is unexhausted.

The addition of "adequately investigate" does not create a new subclaim, as it is implicit in the subclaims presented in the state petition.  In order to adequately cross-examine the prosecution's experts, trial counsel would have had to investigate those experts' opinions, and in order to retain and present defense experts, trial counsel would have had to investigate the evidence upon which they would opine.

The Warden further argues that Claim 11 presents a new legal theory of ineffective assistance of counsel pertaining to failure to conduct an adequate investigation.  However, the Warden does not indicate what new legal theory is presented in the federal petition, and Beames' citations to the relevant United States Supreme Court cases, *Strickland, Williams, Rompilla,* and *Wiggins,* are all citied in his state petition.

Although Claim 11 has been slightly reorganized in the federal petition, it does not present new facts or a new legal theory from the claim which was previously presented to the state court.  That current counsel included a portion of this claim in Beames' state exhaustion does not render this claim unexhausted,

1  as capital counsel often, out of an abundance of caution, re-present claims to the
2  state court. Claim 11 is exhausted.

4  IT IS SO ORDERED.

Dated:  November 23, 2011
                                          _____
                                          CHIEF UNITED STATES DISTRICT JUDGE