UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL BEAMES,<br><br>    Petitioner,<br><br>  vs.<br><br>KEVIN CHAPPELL*, Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:10-CV-01429-AWI-P<br><br><u>DEATH PENALTY CASE</u><br><br>Order Regarding Exhaustion Status of Petitioner's Federal Habeas Petition and Setting Merits Briefing for Claim 11 |

On July 27, 2011, Petitioner John Michael Beames ("Beames") filed his federal petition for writ of habeas corpus in the Eastern District of California. Following initial review of the petition, the Court ordered the parties to address the exhaustion status, and to submit briefs on the merits, of Claim 11. Claim 11 contends trial counsel was ineffective for failing to contest that Cassie was killed by a blow to her mid-section which severed her liver and caused a fatal hemorrhage. Respondent Kevin Chappell ("the Warden") filed a general denial to Claim 11 on August 29, 2011, and asserted it did not appear that all the

_____

* Kevin Chappell is substituted for his predecessor as Warden of San Quentin State Prison, pursuant to Federal Rule of Civil Procedure 25(d).

subclaims of that claim were exhausted.  The parties were unable to resolve their disagreement about the exhaustion status of Claim 11, and submitted briefing of the exhaustion dispute.  An order finding Claim 11 exhausted was issued November 23, 2011.  *See* Doc. 48.

The parties filed a Joint Statement regarding the exhaustion status of the remaining claims, excluding Claim 11, in Beames' federal petition.  There are no claims that the parties agree are exhausted.  The parties agree that 20 claims and part of one more claim (of the 49 claims in the federal petition) are unexhausted.  The agreed unexhausted claims are:  1, 2, 6, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 23, 24, 25, 26, 27, 35D, 42 and 49.  Beames asserts that these agreed unexhausted claims are presently pending before the California Supreme Court.  *See* California Case No. S195127.

Incorporation Language Objections

The Warden filed his brief regarding the exhaustion status of the remaining claims February 28, 2012.  *See* Doc. 52.  The Warden objects to the incorporation language in each claim of the federal petition, which "incorporates all facts, exhibits, declarations and claims of constitutional violation alleged elsewhere in this petition," as including unexhausted claims and new exhibits which have not been presented to the state.  The Warden asserts that Beames has not established why the incorporations of new claims and exhibits do not render all his federal claims unexhausted.  The Warden states that if the incorporation language were eliminated, "it appears" 20 of Beames' claims and subclaims of two other claims would be exhausted.  These claims are:  3, 7, 19, 20, 21, 22, 28, 31, 32, 33, 34, 35A-C, 36, 38, 39, 40, 43A-L and N, 44, 45, 46, 47 and 48.[1]  Although the

---

[1] In his reply brief, the Warden adds Claim 5 to this group.

Warden states these claims appear to be exhausted, he indicates the exhaustion requirement is not waived for any federal claim, as it is possible that he has failed to identify every unexhausted claim or subclaim.

Beames filed his responding brief on exhaustion March 30, 2012. *See* Doc. 54. Beames asserts that for otherwise exhausted claims, the incorporation language has no effect on the exhaustion status, as the language does not change the legal or factual basis of, or fundamentally alter, the claims. Beames asserts the purpose of the incorporation language is to preserve his ability to refer in future briefing and argument to any portion of the record in relation to any other portion, within the bounds of relevance. Beames argues that because the incorporation language does not alter the substance of these claims, they should be found to be exhausted.

The Warden filed a reply April 30, 2012, arguing that Beames' assertion – that the incorporation language does not purport to expand the legal or factual basis of, or fundamentally alter, any claim – is contradictory to the plain language in the federal petition. *See* Doc. 55. The Warden contends that since the federal petition presents 49 claims with various subclaims and 165 exhibits, the general incorporation language vastly expands his federal claims beyond the allegations presented to the state court. The Warden argues the use of similar incorporation language in Beames' state petition does not solve the problem, as several arguments and exhibits are included in the federal petition which were not presented to the state. Further, the Warden contends the general incorporation language was not sufficient to alert the state court that particular exhibits or declarations were to be considered with specific claims, and that Beames needed to explicitly state which exhibits supported which claims.

The Warden's objection, that the language of incorporation in Beames'

petition incorporates all legal and factual bases in the entire petition into each claim, is well taken. The actual language of the incorporation clause sweeps more broadly than Beames asserts it does. In light of Beames' contention about the purpose of the incorporation language in his federal petition, that language will be interpreted to conform to Beames' interpretation - that it "does not change the legal or factual basis of, or fundamentally alter, the claims" but only allows Beames to argue, where relevant, any facts asserted in the petition. Under this interpretation, the exhaustion status of these claims will not be defeated by the inclusion of incorporation language in the claims. Consideration will only be given to legal or factual bases for habeas relief which are specifically stated in Beames' federal claims.

Objections to Specific Claims

The Warden asserts that even without the incorporation language, six claims and one subclaim have not been established as exhausted. These claims are: 4, 5, 29, 30, 37, 41 and 43M.

Claim 4 alleges the trial court violated Beames' rights by denying a continuance prior to trial to assess the impact of pretrial publicity and to present expert testimony regarding a jury survey, for the purposes of bringing a change of venue motion. The Warden contends Claim 4 specifically incorporates Claims 8 and 9, both of which are unexhausted, and includes exhibits 76 through 91 (news articles regarding Cassie's death and the resulting criminals cases of Beames and Cassie's mother). Beames attempted to present the news articles to the state court during direct appeal by way of a motion for judicial notice, which was denied. The Warden asserts the news articles substantially alter Claim 4 from the claim presented in state court, because they provide the factual foundation for the claim.

Beames asserts Claim 4 is fully exhausted as the same issue was presented to the state court as Issue I on direct appeal.  *See* Appellant's Opening Brief at 47 - 112.  Beames contends the state court had the opportunity to pass on the question of whether the United States Constitution was violated by the trial court's denial of a continuance.  The Warden alleges the claim is rendered unexhausted by the inclusion of Exhibits 76 through 91, newspaper articles regarding the case against Beames and the trial of co-defendant Angelita McMains (Cassie's mother).[2]  Beames observes that exhaustion only requires *presentation* to the state court, not *consideration* by the state court.  Beames argues the presentation requirement is satisfied by the motion for judicial notice.

Beames contends that Claim 4 would be exhausted even without regard to the motion for judicial notice, as the exhibits were summarized in his briefs and individually described or quoted in the text.  Because the substance of the exhibits were before the California Supreme Court in the appellate briefs, Beames asserts the submission of the articles as exhibits to the federal petition does not render the claim unexhausted.

Beames argues even if the substance of the exhibits had not been presented in state court, the presentation of supplemental evidence in federal court would not defeat exhaustion, as the exhibits support, without expanding, the factual basis presented to the state court.  The claim on direct appeal asserted that local media coverage was inflammatory.  Beames contends that since the exhibits provide direct support for these allegations without altering the basis of the claim, they have no effect on exhaustion.  Both Issue I on state direct appeal and

---

[2] The exhibits were presented on direct appeal with a motion for judicial notice, which was denied.   These exhibits also were presented to the state court in support of the related claim of ineffective assistance of counsel for failure to bring a change of venue motion. State Habeas Petition, Claim IX.

Claim 4 of the federal petition are explicitly based on the local newspaper coverage. Beames contends the exhibits are not newly added to the claim.

Lastly, Beames asserts that the reference to Claims 8 and 9, which are presently pending before the California Supreme Court, does not affect the exhaustion status of Claim 4. The state court had the opportunity to pass on whether the pretrial publicity required a continuance for preparation of a change of venue motion, so a passing reference to unexhausted claims does not fundamentally alter Claim 4.

The Warden disagrees that the properly denied motion for the state court to take judicial notice of certain exhibits satisfies the presentation requirement for exhaustion and disagrees with Beames' assertion that the description of or quotes from the exhibits fairly presented the substance of the exhibits to the state court. The Warden also disagrees with Beames' contention that the exhibits do not fundamentally alter the claim, and asserts the exhibits substantially improve the evidentiary basis of Claim 4, placing it in a stronger evidentiary posture.

Lastly, the Warden alleges the incorporation of Claims 8 and 9 (which are acknowledged to be unexhausted), render Claim 4 unexhausted by incorporating arguments and exhibits the state court has not yet considered.

Beames properly presented this claim on direct appeal. The California Supreme Court, in considering this claim, had before it the substance of the exhibits, as the majority of the exhibits were part of the record, were included in the motion for judicial notice, and/or were quoted in Beames' opening brief. The incorporation of Claims 8 and 9 (trial counsel failed to peremptorily challenge biased jurors and failed to adequately voir dire jurors for bias), are only asserted in this claim as factors which exacerbated the trial court's allegedly inadequate approach of preferring voir dire over jury surveys in assessing the extent of

1 media influence in the community, and the use of rehabilitation for jurors who
2 expressed doubts at their ability to be impartial.  See Federal Petition at page 91.
3 The Warden's objections to the inclusion of news articles and to the incorporation
4 of unexhausted claims do not render this claim unexhausted.  Claim 4 is
5 exhausted.

6 　　　　Claim 5 alleges trial counsel was ineffective by failing to move for a change
7 of venue.  The Warden contends Claim 5 is unexhausted because it specifically
8 incorporates Claim 4, which is unexhausted for the reasons stated above.

9 　　　　Beames responds that since Claim 4 is exhausted, as stated above, Claim 5
10 also is exhausted.  Beames asserts that Claim 5 is identical to Claim IX in his first
11 state habeas petition, with the exception of minor editing and the reference to the
12 interrelated nature of Claims 4 and 5.  The text of state habeas Claim IX (and
13 federal Claim 5) repeats much of the factual basis from direct appeal Issue I (and
14 federal Claim 4).  Beames argues the relationship between the two claims was
15 obvious to the state court, and merely noting that relationship in the federal
16 petition has no effect on exhaustion.

17 　　　　The Warden in his reply acknowledges that the exhaustion status of
18 Claim 4 is irrelevant to whether Claim 5 is exhausted, as the factual allegations
19 incorporated from Claim 4 were fully detailed in Beames' state habeas petition.
20 The Warden's only objection to Claim 5 remains due to the general incorporation
21 language discussed above.

22 　　　　Claim 5 is exhausted.

23 　　　　Claim 29 alleges the cumulative effect of errors and constitutional
24 violations at the guilt phase require reversal of the verdict and special
25 circumstance finding.  The Warden contends Claim 29 is unexhausted because it
26 specifically incorporates Claims 4 and 5, which are unexhausted for the reasons

stated above.

Beames responds that Claims 4 and 5 are exhausted, as stated above, so Claim 29 also is exhausted. Beames argues that the state court had an opportunity to consider whether the cumulative effect of the alleged errors invalidated his conviction. Further, Beames contends that even if any of the claims are unexhausted, the cumulative error claim would not be rendered unexhausted, it would mean only that the unreviewable claims would be excluded from cumulation.

The Warden replies that Beames' contention is contrary to the exhaustion requirement in federal habeas proceedings, and contends Beames has failed to establish that Claim 29 is exhausted.

The inclusion of Claims 4 and 5, both of which are found to be exhausted above, do not make this cumulative error claim unexhausted. Claim 29 is exhausted.

Claim 30 alleges that trial counsel was prejudicially deficient for failing to investigate and present mitigating evidence regarding Beames' family background and socio-medical history, including evidence of child abuse and neglect, and multiple other sources of emotional trauma. The Warden contends that Beames has added key facts to Claim 30 which were not presented to the state court. Specifically, a declaration by Gretchen White, Ph.D. (Ex. 160), which states that the social history information presented in support of Beames' state habeas petition was the kind of investigation conducted by competent counsel and/or their experts in 1995, that the information was available at the time of trial, that the information could have been presented to the jury during the penalty phase, and that a reliable sentencing decision could not be made without such information. The Warden observes that Dr. White's declaration attempts to

provide supporting evidence for the claim that trial counsel's performance was deficient because he could have investigated and discovered this information in 1995.  Without Dr. White's declaration, the state habeas claim was defective as it relied on innuendo to establish the claim.  Accordingly, the Warden asserts the addition of Dr. White's declaration substantially alters this claim by placing it in a significantly different and stronger evidentiary posture.

Beames responds that although Dr. White's declaration was not presented to the state court, it has no effect on exhaustion as it supplements the claim without altering the allegations or evidence presented in state court.[3]  Beames contends that Dr. White's declaration does not refer to a single fact about his life or background which was not alleged in the state petition.  The allegations of Beames social history narrative are based on lay witness declarations and other exhibits which were presented to the state court.  Dr. White's declaration provides an expert opinion that the mitigation evidence presented in the state and federal petitions is the type developed and used by competent capital defense counsel at the time of Beames' trial.  Beames asserts that Dr. White's declaration merely supplements the fully-exhausted allegation that his trial counsel's performance violated prevailing professional norms.

Further, the Warden asserts Claim 30 is unexhausted because it incorporates Claims 21 and 31, which include three new exhibits not presented to the state court.  A declaration by Natasha Kazanov, Ph.D., (Ex. 38), which states that Beames has significant organic brain damage, most certainly present prior to his arrest in 1994.  A declaration by Mohamed Abou-Dona, Ph.D., (Ex. 151),

---

[3] Beames notes he understands Dr. White's declaration will be disregarded when this Court reviews the state court's adjudication of this claim for reasonableness under 28 U.S.C. § 2254(d), pursuant to *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388 (2011).

which states Beames' exposure to powerful neurotoxins lead to his brain impairment and neurological dysfunction.  A report by Richard Blak, Ph.D., (Ex. 149), which states Beames may have been suffering from psychotic process during the episode of Cassie's death and while incarcerated after.[4]

Beames responds that these exhibits were submitted to the state court in support of claims other than Claim 30.  Beames asserts that reference to exhibits that were before the state court cannot render Claim 30 unexhausted.  Beames argues that the title of the corresponding state habeas claim, Claim XI, references the subjects addressed by the three exhibits: his family and socio-medical history, his exposure to toxins, his addiction to methamphetamine, and his psychological impairments.  Further, Beames contends the text of Claim XI includes allegations of his exposure to agricultural neurotoxins.  The related Claim IV, involving neurotoxin exposure and its implications for Beames' neuropsychological functioning, presented the opportunity for the state court to consider the interrelationship of these claims.  Beames concludes that he has only made explicit in the federal petition what was implicit in the state petition: the relevance of related mitigation facts and evidence detailed elsewhere in the petition to the ineffective assistance of counsel claim.  Beames contends the state court had the opportunity to consider whether counsel's failure to present the mitigation case set forth in the state (and federal) petition violated his Sixth Amendment rights, rendering Claim 30 exhausted.

The Warden replies that Beames has presented key facts in his federal petition which were not presented to the state court, most notably, the

---

[4] The Warden includes the exhibits supporting Claims 21 and 31 as contributing to the exhaustion problem for Claim 30 (although Dr. White's declaration appears the primary source of the objection), but these exhibits are not mentioned as rendering Claims 21 and 31 unexhausted.  In fact, the only objection by the Warden in Claims 21 and 31 is to the general incorporation language.

declaration by Dr. White.  The Warden argues that, contrary to Beames' assertion, Dr. White's declaration does more than supplement the allegations and evidence presented to the state court, as it provides the only evidence in support of his contention that counsel's performance fell below the standard prevailing in 1995.  The Warden contends that without Dr. White's declaration, Beames had no evidentiary support for his allegations, so the addition of Dr. White's declaration alters Claim 30 by placing it in a significantly different and stronger evidentiary posture than when it was considered by the state court.

The Warden alleges that broad incorporation language is not sufficient to alert the state court that particular exhibits are to be considered with a specific claim, and that Beames had an obligation before the state court to plead factual allegations with particularity.  Thus, the Warden asserts because the declarations of Doctors Khazanov, Abou-Donia and Blak were not specifically cited in support of this claim in state court, they, along with the declaration of Dr. White, substantially alter Claim 30 from the facts which were presented to the state.

The addition of expert declarations from Drs. White, Khazanov, Abou-Donia, and Blak, do not change the factual or legal foundation for this claim. Beames' state habeas petition contained over 130 pages of factual allegations of his social history, including allegations of neglect, abuse, cognitive impairments, neuro-toxin exposure, and drug use which impacted Beames; numerous declarations from family and friends, as well as other supporting documents; and the allegation that trial counsel's failure to investigate and present this evidence was below the standard of care for capital counsel.  The declaration of Dr. White does not fundamentally change this claim.  Claim 30 is exhausted.

Claim 37 alleges the trial court gave an improper instruction regarding the Governors' commutation power that violated Beames' rights to due process, a

fair penalty trial, to present a penalty-phase defense, to freedom from cruel and/or unusual punishment, and to a reliable, accurate, non-arbitrary sentence. The Warden asserts the contention that this instruction denied Beames his right to present a penalty-phase defense was not presented to the state court.

Beames responds that neither the factual nor legal basis of Claim 37 has changed, and the right to present a penalty phase defense is an aspect of the Sixth Amendment and due process rights to a fair penalty trial. Beames argues the insertion of a clarifying phrase in the federal petition articulating a legal principle subsumed within the broader principles presented in state court has no effect on the scope of the claim. Beames asserts his elaboration of the constitutional implications of the violation of *Caldwell v. Mississippi*, 472 U.S. 320 (1985) (a capital sentencing jury may not be led to believe that responsibility for the death verdict and execution lies elsewhere due to an instruction of the governor's commutation power), does not change the basis of the claim for relief, and that Claim 37 is exhausted.

The Warden replies that the broad mention of due process and the right to a fair trial in state pleadings is insufficient to exhaust all Sixth Amendment errors at trial. The Warden contends that if this is so, then many new Sixth Amendment claims could be asserted on federal habeas even if not previously raised in the state, as long as they were based on facts alleged in state court. The Warden asserts this is not the law, but that a petitioner is required to present the same claim to the state that is presented in federal court.

On direct appeal, Beames argued that the trial court's denial of his requested inclusion to the commutation instruction, of a statement that the commutation power had not been exercised in a capital case since the reinstatement of the death penalty in 1977, *see* Beames' opening brief at pages

145-146, denied him the opportunity to deny or explain evidence against him, which violated due process. *Id.*, at 163-166. This allegation is sufficient to have presented to the state court the claim that Beames, as it regards the commutation instruction, was denied the opportunity to present a defense. Claim 37 is exhausted.

Claim 41 alleges the cumulative effect of errors and constitutional violations of Claims 3 - 5, 7, 11, 19 - 22, 28 - 34, 35A-C, 36 - 41, and 43 - 38 require reversal of the guilt and penalty verdicts. The Warden contends Claim 41 is unexhausted because it specifically incorporates Claims 4, 5, 29, 30, 37 and 43, which are unexhausted for the reasons stated above.

Beames responds that Claims 4, 5, 29, 30, 37, and 43 are exhausted, so Claim 41 also is exhausted. Beames argues that the state court had an opportunity to consider whether the cumulative effect of the alleged errors invalidated his sentence. Further, Beames contends that even if any of the claims are unexhausted, the cumulative error claim would not be rendered unexhausted, it would mean only that the unreviewable claims would be excluded from cumulation.

The Warden replies that Beames' contention is contrary to the exhaustion requirement in federal habeas proceedings, and contends Beames has failed to establish that Claim 41 is exhausted.

Claims 4, 5, 29, 30, 37, and 43 have been found exhausted, so Claim 41 also is exhausted.

Claim 43M contends that California's death penalty statute, as interpreted by the California Supreme Court and applied to Beames, deprived him of due process, a fair jury trial, and a reliable penalty determination. Specifically, Beames contends that his right to equal protection is violated by California's

failure to require inter-case proportionality review; any burden of proof at penalty; unanimity of aggravating factors; and written findings by the jury of the factors supporting death, and that these protections, which result in reliable and accurate fact-finding, are required under *Ring v. Arizona*, 536 U.S. 584 (2002)[5]. (Subclaim 43D also asserts California's statute is unconstitutional under *Ring* for failing to require penalty phase findings beyond a reasonable doubt.)

The Warden contends that subclaim M was not presented to the state court. Subclaim M specifically contends the state's refusal to accept the applicability of *Ring v. Arizona*, to any part of California's penalty phase, denied him the safeguards provided to capital defendants and violates equal protection and the Sixth, Eighth and Fourteenth Amendments.

Beames responds that Claim 43M is substantially the same as Issue VI.N on appeal, and the text has been edited to clarify the allegations and legal arguments without altering their bases. Beames contends that the prior sections of this claim identify aspects of the California statute that are alleged to violate due process and the Sixth and Eighth Amendments. Because the previously identified problems with the statute include allegations of *Ring* violations, the addition of the citation to *Ring* has no effect on the scope of the claim. Beames concludes that no constitutional violation is presented in the federal petition which was not before the state court, so Claim 43M is exhausted.

The Warden replies that although Beames cited and/or argued *Ring* in the context of other subclaims presented to the state court, none of those references raise the broad and sweeping claim raised in subclaim M.

---

[5] *Ring* held that the Sixth Amendment right to jury trial is violated where, following a jury adjudication of a defendant's guilt of first-degree murder, a trial judge (instead of the jury) determines the presence or absence of aggravating factors required for imposition of the death penalty.

Subclaims D, E, F, G, H and I of Claim 43, which are all exhausted, presented to the state court challenges to California's death penalty statute based on (1) failure to require proof of beyond a reasonable doubt of sentencing factors; (2) failure to require unanimity and written findings of aggravating factors; and (3) failure to conduct inter-case proportionality review.[6]  The argument that *Ring* required these types of findings and review was made in these others subclaims, and the allegation in subclaim M does not substantially differ from the claims presented to the state court.  Claim 43M is exhausted.

Order

1. Claims 4, 5, 29, 30, 37, 41 and 43M are exhausted.  The incorporation language in Beames' federal petition will be interpreted to conform to Beames' interpretation, that it "does not change the legal or factual basis of, or fundamentally alter, the claims," but only allows Beames to argue, where relevant, any facts asserted in the petition.  Consideration will only be given to legal or factual bases for habeas relief which are specifically stated in Beames' federal claims.

2. Beames' Opening Brief on the merits of Claim 11, including points and authorities in support of the claim, and discussion of 28 U.S.C. § 2254(d), shall be filed within 90 days of the date of this order.

3. The Warden shall file his Answering Brief on the merits of Claim 11, including points and authorities in support of the claim, and discussion of 28 U.S.C. § 2254(d), shall be filed within 60 days thereafter.

4. Beames' Reply shall be filed within 30 days after the filing of the Warden's Answering Brief.

---

[6] Claim 44, which also is exhausted, presents allegations of error regarding the lack of inter-case proportionality review in California' statute.

5.     A status conference shall be scheduled upon conclusion of the briefing ordered above to discuss further proceedings regarding Claim 11.

IT IS SO ORDERED.

DATED:    May 17, 2012

                              /s/ Anthony W. Ishii
                            Chief United States District Judge