UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL BEAMES,<br><br>        Petitioner,<br><br>  v.<br><br>KEVIN CHAPPELL, Warden of California State Prison at San Quentin,<br><br>        Respondent. | Case No.: 1:10-cv-01429 AWI<br><br>ORDER RE: RESPONDENT'S OBJECTIONS TO PROCEEDING WITH LITIGATION OF CLAIM 11 AND SETTING PRE-EVIDENTIARY HEARING SCHEDULE |

This matter is before the Court on notices and statements filed by the parties concerning the litigation of Claim 11 in the federal petition of Petitioner John Michael Beames ("Beames"). Respondent Kevin Chappell, Warden of California State Prison at San Quentin (the "Warden") objects to proceeding with the litigation of Claim 11 because many claims in the federal petition, of which Claim 11 is a part, are unexhausted.[1]

**I.    Background and Case History**

This action was commenced on August 9, 2010 with an application for appointment of counsel, a stay of execution, and a motion to proceed in forma pauperis. The Court granted the motion for in

---

[1] As will be discussed in the text of this order, *infra*, Claim 11 has been determined to be exhausted.

1

OReResptObjections&SettingSch4EH-Bea

forma pauperis status, a temporary stay of execution, and referred the case to the Selection Board for the Eastern District for recommendation of counsel on August 12, 2010 (doc. 4). On September 10, 2010 the Court filed an order appointing CJA counsel Timothy Brosnan and the Federal Defender (doc. 5). Assistant Federal Defender Harry Simon has been assigned to the case on behalf of the Federal Defender. Through counsel, Beames filed his federal petition on July 27, 2011 (doc. 18) and an exhaustion petition before the California Supreme Court on the same day. Beames' federal petition was accompanied by 165 exhibits.

No abeyance of federal proceedings was requested following Beames' filing of the exhaustion petition. Following receipt of the petition, the Court undertook an initial review of it and determined, in an order filed August 2, 2011 (doc. 37), that Claim 11 stated a colorable claim for relief, entitling Beames to an evidentiary hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegation, which if true, would entitle the applicant to federal habeas relief."). In that same order, the Court directed the Warden to file an answer to Claim 11. The Warden did so on August 29, 2011. This document, however is not an answer within the meaning of Rule 5 of the Rules Governing § 2254 Cases, as it does not admit, deny, or frame the factual allegations presented in in Claim 11. The Court nonetheless accepted the Warden's answer, because the "allegations" in Claim 11 also read more like points and authorities than allegations in a petition or a civil complaint.

Also in compliance with the Court's August 2, 2011 order, the parties then addressed the matter of whether Claim 11 was exhausted. After comprehensive briefing, the matter was resolved on November 23, 2011, with the Court making the determination that Claim 11 was and is, in fact, exhausted (doc. 48).

Beginning with a scheduling order on December 21, 2011 (doc. 51), the exhaustion status of the claims *other* than Claim 11 was litigated, culminating with the Court's determination on May 17, 2012 (doc. 56) that Claims 4, 5, (plus 11), 29, 30, 37, 41, and 43M are exhausted, but the remaining

2

claims are unexhausted.[2]  In that same order the Court directed the parties to brief the merits of Claim 11.  Beames' brief was filed on September 14, 2012 (after one extension).  The Warden filed his opposing brief (which he entitled "ANSWER") on December 11, 2012 (after one extension).  The Warden's opposition brief/ Answer does not mention 28 U.S.C. § 2254(b) at all.  Rather, he argues against Claim 11 on the merits.  After two extensions, Beames filed his reply brief on March 22, 2013 (doc. 69).  After carefully considering the requirements of 28 U.S.C. § 2254, subsections (d) and (e), on October 23, 2013, the Court issued an order granting Beames further factual development and an evidentiary hearing (doc. 70).  That order also directed the parties to meet, confer, and file a joint statement within 60 days from entry of the order setting forth their respective precepts of how to prepare for the hearing, including witnesses to be called, documentary evidence to be introduced, pre-hearing discovery to be conducted, and several proposed dates for the hearing, plus a realistic time estimate for conducting the hearing.  The filing of this joint statement was interrupted when the Warden appealed the Court's order granting an evidentiary hearing, but back on track when Warden voluntarily dismissed his appeal on December 5, 2013.  In light of the Warden's appeal proceedings, on December 17, 2013, the Court extended the time for the parties to file their joint statement from December 23, 2013 to February 21, 2014 (doc. 76).

Prior to the filing of the joint statement, Beames filed a "Notice" with the Court on February 12, 2014 (doc. 78), advising the Court that the Warden objected to further litigation of the federal petition (that is, specifically, Claim 11), because the petition as a whole contains unexhausted claims.  Accordingly, Beames filed a notice that he was withdrawing the unexhausted claims from his petition and would move to amend those claims back into the petition upon completion of exhaustion proceedings (if he does not prevail on Claim 11).  The Warden responded on February 13, 2014 that he did not object to the withdrawal of the unexhausted claims, but reserved the right to oppose any attempt by Beames to add those claims back into the petition at a later time (doc. 79).

---

[2] Beames concedes in a Notice filed February 12, 2014 (doc. 78) that Claims 1, 2, 6, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 23, 24, 25, 26, 27, 35D, 42, and 49 are unexhausted.

3

The joint statement was timely filed on February 20, 2014 (doc. 80). Beames' attorneys devoted the majority of their statement to outlining their numerous conflicting obligations in other pending cases. They did, however, offer a schedule for the exchange of witness lists, discovery stipulations and discovery motions, the cut-off for pre-hearing discovery, the exchange of final witness lists and exhibit notebooks, and a five-day evidentiary hearing to take place beginning May 11, 18, or 25, 2015. In addition, Beames offered to conduct depositions of several witnesses in lieu of live testimony, including their *Strickland* expert, Philip Cherney, and their forensic pathology expert, Janice Ophoven, M.D. For the Warden's part, he believes he will request to conduct the depositions of one or more witnesses, but opposes taking depositions in lieu of live testimony. As far as the schedule presented by Beames, the Warden is in general agreement, but wants to ensure that the cut off for discovery precedes the first day of the evidentiary hearing by 60 days and the exchange of final witness lists and exhibit notebooks by 30 days. Under Beames' proposed schedule, this would eliminate May 11, 2015 as the first day of the evidentiary hearing.

## II. Discussion

Two issues must be resolved for the case to move forward. First is the Warden's objection to continuing with litigation of Claim 11 because the federal petition contains unexhausted claims. The second is to establish a pre-evidentiary hearing schedule consistent with Rule 26 of the Federal Rules of Civil Procedure and the Rules Governing § 2254 Cases. This second category includes setting a date for the hearing.

### A. Litigating an Exhausted Claim of a Mixed Petition

There is no dispute that Claim 11 has been determined to be exhausted. There also is no dispute that a number of other claims in Beames' federal petition are *being* exhausted before the California Supreme Court under Case No. S195127, filed July 27, 2011. The respondent's informal response was filed on February 24, 2012 (after four continuances) and Beames' reply to the informal response was filed December 20, 2012 (after five continuances). The matter appears to under submission before the state court. There is no way to know when the California court will render a

4

decision on the exhaustion petition, but it very well may be filed before the date on which the federal evidentiary hearing will be conducted over a year from now. *See infra*.

Exhaustion of habeas corpus claims and petitions is governed by 28 U.S.C. § 2254(b)(1)(A). The applicable language is that "[a]n application for a writ of habeas corpus . . . shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." In this case, the Court will not be adjudicating any claims that have not been reviewed and denied by the California Supreme Court. The purpose of this provision is to prevent federal courts from *granting* relief on unexhausted claims. This is a matter of comity. *See Simpson v. Thomas*, 528 F.3d 685, 692 (9th Cir. 2008) (holding that that exhaustion requirement in 28 U.S.C. § 2254(b) is rooted in considerations of comity and allows the state court system to correct errors before the federal courts do) (quoting *Preiser v. Rodriquez*, 411 U.S. 475, 491-92 (1973)).

Adjudicating the merits of a single exhausted claim in Beames' federal petition, that is, Claim 11, is consistent with "considerations of comity." The California Supreme Court already has had an opportunity to review the factual and legal bases for the state equivalent of Claim 11 and denied relief. Because further litigation of Claim 11 does not run afoul of the principle of comity or the exhaustion requirement codified in § 2254(b), the Court *rejects* Beames' withdrawal of Claims 1, 2, 6, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 23, 24, 25, 26, 27, 35D, 42, and 49 from the petition. The Warden's objection to proceeding with the anticipated evidentiary hearing for Claim 11 is overruled. Further to keep the California Supreme Court apprised of activity on the case in federal court, Beames is directed lodge a copy of this order with the California court in Case No. S195127.

**B.    Pre-Evidentiary Hearing Scheduling**

Based on input from the parties and the Court's schedule, the evidentiary hearing shall commence Tuesday, May 19, 2015 at 8:30 a.m. The Court prefers testimony to be live, as the length of depositions and the need to provide evidentiary rulings during the testimony tends to make for a more concise transcript. Accordingly, absent extenuating circumstances, the Court will not accept depositions in lieu of live testimony. As for pre-hearing scheduling, instead of the schedule proposed by Beames (and largely agreed to by the Warden), the Court, sets the following schedule.

5

1. Not later than 150 days prior to the date set for the evidentiary hearing (December 22, 2014),[3] the parties shall disclose expert witness testimony and related expert reports pursuant to Rule 26(a)(2).  Any motion under Rule 6 of the § 2254 Rules to conduct a pre-hearing discovery deposition of an opposing party's expert shall be filed within 10 days of the disclosure.  Any motion to exclude an opposing party's expert also shall be filed within 10 days of the disclosure.  Opposition to either motion shall be filed 10 days thereafter, and the matter shall be set for telephonic hearing, if the Court deems a hearing necessary, within one calendar week or on the next available date on the Court's calendar.

2. Not later than 120 days prior to the date set for the evidentiary hearing (January 19, 2015), the parties shall disclose lay witness lists.  Any motion to conduct a pre-hearing discovery deposition of an opposing party's lay witness shall be filed within 10 days of the disclosure.  Any motion to exclude an opposing party's lay witness also shall be filed 10 days thereafter, and the matter shall be set for telephonic hearing, if the Court deems a hearing necessary, within one calendar week or on the next available date on the Court's calendar.

3. Also, not later than 120 days prior to the date set for the evidentiary hearing, the parties may move the Court pursuant to Rule 6 of the § 2254 Rules for the production of documents under Federal Rule of Civil Procedure 26(b)(3)(A).

4. Not later than 90 days prior to the date set for the evidentiary (February 18, 2016) hearing the parties shall disclose rebuttal expert witness testimony and related reports.  Any motion to conduct a pre-hearing discovery deposition of an opposing party's rebuttal expert shall be made within 10 days of the disclosure.  Any motion to exclude an opposing party's rebuttal expert also shall be filed

---

[3] The parties may mutually agree to advance this date

OReResptObjections&SettingSch4EH-Bea

within 10 days of the disclosure.  Opposition to either motion shall be filed 10 days thereafter, and the matter shall be set for telephonic hearing, if the Court deems a hearing necessary, within one calendar week, or on the next available date on the Court's calendar.

5. Also, not later than 90 days prior to the date set for the evidentiary hearing, either party may file any discovery motion(s) not otherwise provided for in this schedule.  Opposition to such motions shall be filed 10 days thereafter and the matter(s) set for hearing, if the Court deems a hearing necessary, within one calendar week or on the next available date on the Court's calendar.

6. Not later than 60 days prior to the date set for the evidentiary hearing (March 20, 2015), the parties shall file with the Court and serve upon one another final witness and exhibit lists pursuant to Federal Rule of Civil Procedure 26(a)(3).

7. Not later than 30 days prior to the date set for the evidentiary hearing (April 29, 2015), the parties shall file any in limine motions regarding the admissibility of evidence or scope of witness testimony.  The Court will decide these motions up to the date the evidentiary hearing commences.

Because the Court is aware that the schedules of all counsel in this case, both for Beames and the Warden, are impacted, the foregoing schedule was formulated to be generous.  In light of this, the Court has the expectation that between now and the first due date, counsel will do their utmost to organize their other cases to give the present case priority between December, 2014 and May, 2015 so the evidentiary hearing can proceed within the schedule provided.

IT IS SO ORDERED.

Dated: <u>March 3, 2014</u>

/s/ Anthony W. Ishii  
Anthony W. Ishii  
United States District Judge

OReResptObjections&SettingSch4EH-Bea

7