# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL BEAMES,<br><br>    Petitioner,<br><br>    v.<br><br>KEVIN CHAPPELL, Warden of the California State Prison at San Quentin,<br><br>    Respondent. | Case No. 1:10-cv-01429-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER VACATING MARCH 4, 2014 ORDER  (ECF No. 81)<br><br>ORDER WITHDRAWING NUNC PRO TUNC UNEXHAUSTED CLAIMS (ECF No. 78)<br><br>ORDER DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS FEDERAL HABEAS CORPUS PETITION (ECF No. 100) |

On October 27, 2014, Respondent Kevin Chappell, Warden of California State Prison at San Quentin ("Respondent") moved to dismiss the federal habeas petition of John Michael Beames ("Petitioner") because it includes unexhausted claims that have not been stayed in abeyance or withdrawn. Petitioner filed an opposition on November 21, 2014. Respondent filed a reply to the opposition on November 25, 2014.

The motion to dismiss seeks reconsideration of and relief from the undersigned's March 4, 2014 order overruling Respondent's objections to proceeding with the mixed federal petition and rejecting Petitioner's withdrawal of unexhausted claims and scheduling a May 19, 2015 evidentiary hearing on exhausted claim 11. Accordingly, the motion has been referred to

1

the undersigned, (ECF No. 107), who having reviewed the record finds this matter suitable for decision without oral argument. Local Rule 230(g).

# I.

# BACKGROUND AND CASE HISTORY

This action was commenced on August 9, 2010 with an application for appointment of counsel, a stay of execution, and a motion to proceed in forma pauperis. On August 12, 2010, the Court granted the motion for in forma pauperis status, issued a temporary stay of execution, and referred the case to the Selection Board for the Eastern District for recommendation of counsel. (ECF No. 4.) On September 10, 2010, the Court filed an order appointing CJA counsel Timothy Brosnan and the Federal Defender. (ECF No. 5.) Assistant Federal Defenders Harry Simon and Matthew Scoble have been assigned to the case on behalf of the Federal Defender. Through counsel, Petitioner filed his federal petition on July 27, 2011 (ECF No. 18) and an exhaustion petition before the California Supreme Court on the same day.

No stay and abeyance of federal proceedings was requested following Petitioner‟s filing of the exhaustion petition. This Court reviewed the federal petition, and in an order filed August 2, 2011 (ECF No. 37), directed the Respondent to file an answer to claim 11.[1] The Respondent did so on August 29, 2011.

On November 23, 2011, the Court determined that claim 11 had been exhausted. (ECF No. 48).

On December 21, 2011, the Court denied Respondent‟s request to file a motion to dismiss unexhausted claims and ordered that Petitioner "shall notify the Court of his intention regarding the unexhausted claims (i.e., whether to seek stay and abeyance, withdraw the unexhausted claims, etc.) within thirty (30) days of the order on exhaustion." (ECF No. 51.) Petitioner concedes this deadline expired on June 18, 2012, without his responding or seeking an extension. (ECF No. 105 at 133, n.3.)

The Court, on May 17, 2012, found that claims 4, 5, (plus 11), 29, 30, 37, 41, 43M and

---

[1] Claim 11 alleges ineffective assistance of counsel at the guilt phase by failing to present evidence challenging pathology regarding cause of death.

44 had been exhausted, but the remaining claims had not been exhausted.[2]  (ECF No. 56.)  In that same order, the Court directed the parties to brief the merits of claim 11.  On October 23, 2013, the Court issued an order granting Petitioner further factual development of claim 11.  (ECF No. 70.)

Respondent objected to any proceeding on the merits because the petition included unexhausted claims, and Petitioner had not responded to the Court's December 21, 2011 order to notify of intentions regarding the unexhausted claims.  Petitioner responded by filing a February 12, 2014 notice with the Court withdrawing the unexhausted claims, i.e. claims 1, 2, 6, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 23, 24, 25, 26, 27, 35D, 42 and 49, pending before the California Supreme Court in In Re Beames, Case No. S195127, with the intent to amend the claims back into the federal petition once adjudicated by the California Supreme Court.  (ECF No. 78.)  Respondent did not object to the claim withdrawal, but reserved the right to oppose any future attempt to amend the petition to add withdrawn claims. (ECF No. 79.)

On March 4, 2014, the Court rejected Petitioner's withdrawal of unexhausted claims, overruled the Respondent's objection to proceeding with the evidentiary hearing for exhausted claim 11, and scheduled events for a May 11, 2015 evidentiary hearing on claim 11.  (ECF No. 81.)

On September 18, 2014, the Respondent's writ of mandamus, seeking an order vacating the March 4, 2014 order and dismissing unexhausted claims, was rejected by the Ninth Circuit because "the state has not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus." (ECF No. 105 at 242.)

## II.

## LEGAL STANDARD

### A.   Motion to Dismiss

A motion to dismiss may be used to dispose of claims in a federal habeas corpus proceeding on procedural grounds, including failure to exhaust state remedies.  White v. Lewis,

---

[2] Beames concedes in his February 12, 2014 notice of claim withdrawal (doc. 78) that claims 1, 2, 6, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 23, 24, 25, 26, 27, 35D, 42, and 49 are unexhausted.

874 F.2d 599, 602-03 (9th Cir. 1989); Rule 4, foll. 28 U.S.C. § 2254, Cases and Advisory Committee Notes; see also Murray v. Carrier, 477 U.S. 478, 483 (1986).

Under 28 U.S.C. § 2254(b)(1)(A), the federal courts are not to grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." This exhaustion requirement is "grounded in principles of comity" as it gives the state "the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991).

**B.     Reconsideration**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The motion must be brought within a reasonable time. Fed. R. Civ. P. 60(c)(1).

Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon [the] prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

### III.

### ARGUMENTS

**A.     Respondent's Moving Argument**

Respondent argues this Court cannot adjudicate a mixed petition. Doing so is contrary to long established Supreme Court precedent and puts the Court in the position of reviewing claim 11 without a complete state court record. As Petitioner has not sought stay and abeyance, the mixed petition must be dismissed without prejudice unless Petitioner amends the federal petition to delete the unexhausted claims. Petitioner"s prior request to the Court to withdraw unexhausted claims is, according to Respondent, an admission the mixed petition cannot be litigated.

Respondent also argues that proceeding on the mixed petition effectively bypasses AEDPA's one year limitations period because Petitioner will not be required to establish relation-back as he would upon an amendment to add back exhausted claims.

Respondent also argues that he has not expressly waived exhaustion and cannot be estopped to assert it.

### B. Petitioner's Opposition Argument

Petitioner responds that this Court can proceed to adjudicate the merits of the mixed federal petition as long as relief on the petition is not granted.

Petitioner also responds that Respondent has not diligently sought dismissal of unexhausted claims and is not prejudiced by litigation of the mixed petition - claim 11 is fully exhausted - the state exhaustion petition is fully briefed.

Petitioner also responds that it is likely the state petition claims will be exhausted before the Court rules on the merits of claim 11. If not, this Court may then dismiss unexhausted claims and any error corrected on appeal.

### C. Respondent's Reply Argument

Respondent replies that Petitioner did not timely comply with the Court's December 21, 2011 order to notify of intentions regarding unexhausted claims. This noncompliance delayed the Respondent's objections to unexhausted claims and his motion to dismiss them.

Respondent also replies that the instant motion and arguments based on <u>Rose</u> and <u>Rhines</u> were not previously presented to this Court or ruled upon by it, such that the motion does not seek reconsideration of the Court's March 4, 2014 order.

## IV.

## DISCUSSION

### A. Reconsideration of March 4, 2014 Order

The Court has reconsidered its March 4, 2014 order following review of the instant motion, the parties' arguments and authorities and upon further review of the record. The Court based its order upon the codified exhaustion requirement that "[a]n application for a writ of habeas corpus . . . shall not *be granted* unless . . . the applicant has exhausted the remedies

5

available in the courts of the State", 28 U.S.C. 2254(b)(1)(A) (emphasis added), and upon "considerations of comity." (ECF No. 81 at 5:3-11.)

However, comity is fostered where district courts refrain from adjudicating mixed petitions, Rose v. Lundy, 455 U.S. 509, 510 (1982),[3] absent express waiver of exhaustion, or where the unexhausted claims do not rise to the level of alleged deprivations of constitutional rights, 28 U.S.C. § 2254(b)(2)(3); Acosta-Huerta v. Estelle, 7 F.3d 139, 142 (9th Cir. 1992), or "in rare cases where exceptional circumstances of peculiar urgency are shown." Hendricks v. Zenon, 993 F.2d 664, 673 (9th Cir. 1993), citing Granberry v. Greer, 481 U.S. 129, 134 (1987). Rose imposes a general rule of "total exhaustion." Rose, 455 U.S. at 522. This rule of deference to principles of comity ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions. Newton v. Phelps, 943 F.Supp.2d 494, 499 (D. Del. 2013). As the Rose court explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490–491 (1973). Under our federal system, the federal and state courts [are] equally bound to guard and protect rights secured by the Constitution. Ex parte Royall, [117 U.S. 241, 251 (1886)]. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which „teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter. Darr v. Burford, 339 U.S. 200, 204 (1950).

Rose, 455 U.S. 518.

In this case, there is not a sufficient basis under the standards above to adjudicate the mixed federal petition. Respondent has not waived exhaustion. Though the record reflects that Respondent arguably delayed in objecting to proceeding on the mixed petition, nothing suggests an express waiver of exhaustion. AEDPA, amended § 2254, prohibits implied waivers of exhaustion. Section 2254(b)(3) provides: "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless

---

[3] In accord see Jackson v. Roe, 425 F.3d 654, 658 (9th Cir. 2005); see also Local Rule 190(e)(1).

the State, through counsel, expressly waives the requirement."

The Court does not have any basis upon which to find the unexhausted claims have merit. The unexhausted claims have not been answered or substantively briefed.

Petitioner has not alleged exceptional circumstances for adjudicating the mixed claims. To the contrary, Petitioner noticed withdrawal of unexhausted claims on February 12, 2014.

Additionally, Petitioner has not requested or demonstrated entitlement to stay and abeyance. See Rhine v. Weber, 544 U.S. 269, 273-75 (2005). The Court is not required to sua sponte consider whether it should stay and abey a mixed habeas petition. Robbins v. Carey, 481 F.3d 1143, 1147 (9th Cir. 2007). Rather, Petitioner sought to withdraw unexhausted claims.

Accordingly, upon reconsideration the Court finds the March 4, 2014 order improvidently issued. There is no clear basis to deviate from the general rule of total exhaustion or to find an exception to it. Moreover, proceeding on the mixed federal petition relies upon an incipient state record and potentially prejudices the Respondent's assertion of any otherwise available limitations defense. Concurrent state and federal proceedings are not likely to further judicial economy and efficient case management.

Petitioner is entitled to proceed on the exhausted claims by amending his federal petition to delete unexhausted claims. Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 76 (1st Cir. 2002). Plaintiff's February 12, 2014 notice withdrawing the unexhausted claims serves this purpose. See James v. Giles, 221 F.3d 1074, 1077-78 (9th Cir. 2000) (finding petitioner has right to delete unexhausted claims from mixed petition in lieu of suffering dismissal).

**B.      Motion to Dismiss Mixed Petition**

Respondent's motion to dismiss the mixed federal petition is moot upon withdrawal of the unexhausted claims. Respondent will have the opportunity to oppose any attempt by Petitioner to add withdrawn claims back into the federal petition.

///

///

**V.**

**ORDER**

For the reasons stated, it is HEREBY ORDERED that:

1. The Court's March 4, 2014 order (ECF No. 81) is vacated;[4]

2. The federal petition (ECF No. 18) is amended nunc pro tunc for Petitioner's withdrawal of claims 1, 2, 6, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 23, 24, 25, 26, 27, 35D, 42 and 49 (ECF No. 78), without prejudice to Petitioner seeking leave to add the withdrawn claims back into the federal petition;

3. Respondent's motion to dismiss (ECF No. 100) is denied as moot, without prejudice to Respondent's opposing any attempt by Petitioner to add the withdrawn claims back into the federal petition; and

4. The Parties are directed to meet and confer regarding further Phase III case management for discussion at status conference set for April 1, 2015, at 10:30 a.m., in Department 9 before United States Magistrate Judge Stanley A. Boone.

IT IS SO ORDERED.

Dated:   January 28, 2015

SENIOR DISTRICT JUDGE

---

[4] Dates scheduled in the March 4, 2014 order were previously vacated.  (See ECF No. 109.)