# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL BEAMES,<br><br>        Petitioner,<br><br>  v.<br><br>KEVIN CHAPPELL, Warden of San Quentin State Prison,<br><br>        Respondent. | Case No.  1:10-cv-01429-AWI-SAB<br><br><u>DEATH PENALTY CASE</u><br><br>SCHEDULING ORDER FOLLOWING STATUS CONFERENCE<br><br><u>Evidentiary Hearing:</u><br><br>Date: February 1, 2016<br>Time: 9:00 a.m.<br>Courtroom: 9<br>Judge: Stanley A. Boone<br><br>(Estimated 4-5 Day Hearing) |

Petitioner's federal petition was filed on July 27, 2011.  On August 2, 2011, the Court found that claim 11 stated a colorable claim.  On May 17, 2012, the Court found that claims 4, 5, (plus 11), 29, 30, 37, 41 and 43M were exhausted and that claims 1, 2, 6, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 23, 24, 25, 26, 27, 35D, 42 and 49 were not exhausted.  On March 4, 2014, the Court set an evidentiary hearing on claim 11 for May 19, 2015.  On March 28, 2014, District Judge Anthony W. Ishii assigned this action to the undersigned.  On December 11, 2014, the Court vacated the evidentiary hearing, with rescheduling to follow the Court's ruling on Respondent's then pending motion to dismiss.

1

1   On January 28, 2015, the Court ordered the federal petition amended by withdrawal of
2 the above referenced unexhausted claims. On that date, the Court also denied as moot
3 Respondent's motion to dismiss. The parties filed a joint status conference statement on March
4 26, 2015. In it, counsel informed the Court of the recent discovery of autopsy-related materials,
5 and proposed pre-evidentiary hearing deadlines for review and analysis of these recently
6 discovered materials and other pre-hearing events. A telephonic status conference was held on
7 April 1, 2015. Counsel Harry Simon and Matthew Scoble appeared for Petitioner and counsel
8 Robert Gezi appeared for Respondent.

9   The Court is aware that previously cases in the Eastern District have proceeded to
10 evidentiary hearing on limited claims and briefing on the remaining claims occurred after an
11 order issued addressing claims covered during the evidentiary hearing. The Court finds that this
12 has resulted in undue delay in addressing the claims of the petitioner. Accordingly, upon review
13 of the status and history of this action, the Court determines that the parties shall be required to
14 brief the remaining claims in the petition for consideration at the close of the evidentiary hearing
15 (two track approach). If the parties object to briefing the remaining claims while they are
16 preparing for the evidentiary hearing, because of the matters raised at the telephonic status
17 conference or otherwise, the Court will consider amending the present evidentiary hearing
18 schedule until the parties have filed their briefs on the claims remaining in the petition. The
19 parties are reminded of the heavy caseload on this Court's docket. The Court must therefore
20 address issues regarding management of its cases to avoid the harsh impact of failing to timely
21 resolve the cases brought by litigants.

22   The parties May 4, 2015 joint statement (below) shall address any objections to the Court
23 proceeding on this two track approach to resolving this action. Any objections raised must be
24 explained in detail in the joint statement or they will be considered waived. Based upon the
25 parties' submission, the Court may revise the schedule set forth below and/or set a briefing
26 schedule on the remaining claims that would necessitate continuing the evidentiary hearing.

27   The Court now provides further scheduling and direction.

28   It is HEREBY ORDERED as follows:

**A. Regarding Record Claims.**

1. Not later than **May 4, 2015**:

    a. For claims 4, 5, 29, 30, 37, 41 and 43M, the parties shall meet and confer <u>and</u> file a joint statement setting forth in detail a proposed schedule for submission of an answer and traverse; points and authorities addressing 28 U.S.C. § 2254(d) in support of and opposition to these claims; Petitioner's reply; and any motion(s) for factual development. The joint statement shall also address any procedural issues that need to be discussed before these claims move to phase III and, if so, a timeline for litigating them. The Court will not entertain a request for summary judgment. Once the joint statement is filed, the Court will set a phase III case management conference to discuss merits briefing and any budgetary issues ex parte with Petitioner, and may modify this order. The merits of the claims will be addressed prior to procedural defenses.

    b. For claims 3, 7, 19, 20, 21, 22, 28, 31, 32, 33, 34, 35A-C, 36, 38, 39, 40, 43A-L and N, 44, 45, 46, and 47, the parties shall meet and confer <u>and</u> file a further joint statement regarding exhaustion status, including the basis for their respective positions where they disagree.

    c. For all claims reference in "a" and "b" above, Petitioner shall advise of any intention to withdraw or dismiss.

**B. Regarding Claim 11.**

1. The evidentiary hearing is set for February 1, 2016, at 9:00 a.m., in Department 9, before the undersigned.

2. Not later than **August 21, 2015**:

    a. The parties shall disclose expert witness testimony and related

3

reports pursuant to Rule 26(a)(2). Any motion to conduct a pre-hearing discovery deposition of an opposing party's expert shall be filed within 10 days of the disclosure. Any motion to exclude an opposing party's proffered expert witness shall also be filed within 10 days of the disclosure. Opposition to either motion shall be filed 10 days thereafter, and if the Court deems a hearing necessary the matter shall be set for telephonic hearing 7 days thereafter or on the next available date on the Court's calendar.

      b.    The parties may request that Petitioner attend the evidentiary hearing in person or participate via video conference.

3.    Not later than **September 21, 2015**:

      a.    The parties shall disclose lay witness lists. Any motion to conduct a pre-hearing discovery deposition of an opposing party's lay witness shall be filed within 10 days of the disclosure. Any motion to exclude an opposing party's lay witness shall also be filed within 10 days of the disclosure. Opposition to either motion shall be filed 10 days thereafter, and if the Court deems a hearing necessary the matter shall be set for telephonic hearing 7 days thereafter or on the next available date on the Court's calendar.

      b.    The parties may move the Court pursuant to Rule 6 of the § 2254 Rules for the production of documents under Federal Rule of Civil Procedure 26(b)(3)(A). Opposition to such motions shall be filed 10 days thereafter, and if the Court deems a hearing necessary the matter(s) shall be set for telephonic hearing 7 days thereafter or on the next available date on the Court's calendar. Within 5 days of the Court's ruling on any motion for discovery, any additional discovery ordered by the Court shall be produced.

4.    Not later than **November 2, 2015**:

4

        a.    The parties shall disclose rebuttal expert witness testimony and related reports.  Any motion to conduct a pre-hearing discovery deposition of an opposing party's rebuttal expert shall be made within 10 days of the disclosure.  Any motion to exclude an opposing party's proffered rebuttal expert shall also be filed within 10 days of the disclosure.  Opposition to either motion shall be filed 10 days thereafter, and if the Court deems a hearing necessary the matter shall be set for telephonic hearing 7 days thereafter or on the next available date on the Court's calendar.

        b.    Either party may file any discovery motion(s) not otherwise provided for in this schedule.  Opposition to such motions shall be filed 10 days thereafter, and if the Court deems a hearing necessary the matter(s) shall be set for telephonic hearing 7 days thereafter or on the next available date on the Court's calendar.  Within 5 days of the Court's ruling on any motion for discovery, any additional discovery ordered by the Court shall be produced.

5.    Not later than **December 2, 2015**:

        a.    The parties shall file with the Court and serve upon each other final witness and exhibit lists pursuant to Rule 26(a)(3).  The parties shall also file copies of any listed exhibits not previously filed in this matter.

6    Not later than **January 2, 2016**:

        a.    The parties shall file any in limine motions regarding the admissibility of evidence, scope of witness testimony, etc.  These motions may be taken up at the outset of the evidentiary hearing.

        b.    The parties shall meet and confer to determine (i) whether the testimony of certain witnesses, if any, can be introduced via written declaration with either a waiver of cross-examination, or

                consent to conduct cross-examination by written interrogatories or by production of the witness by the proffering party for cross-examination in court, and (ii) whether they can stipulate to any undisputed facts or legal or evidentiary issues - <u>and</u> file a joint pre-hearing statement, which shall (i) identify counsel who will appear at the hearing, (ii) identify any stipulated and uncontested facts, and (iii) identify the contested issues of fact and law.

        c.      The parties shall separately file proposed findings of fact and conclusions of law.

7.      The evidentiary hearing will address claim 11. The parties, in addressing this claim, shall state why proffered evidence does or does not support the claim.

8.      After the evidentiary hearing, the Court may address record-based claims.

9.      Evidence shall be presented via live testimony unless the parties stipulate otherwise, or the Court so orders. If the other party waives the right to cross-examination or consents to conduct cross-examination by written interrogatories, see 28 U.S.C. § 2246, or in court, the Court will generally permit the admission of testimony by written declaration. Further, under certain circumstances the Court may allow testimony to be introduced from a pre-hearing deposition.

10.     Counsel shall create five complete, legible and identical sets of exhibits in binders as follows: (a) three sets of binders to be delivered to Courtroom Deputy Mamie Hernandez no later than **January 29, 2016** (one for use by the Courtroom Clerk and one for use by the Court and one for purposes of questioning witnesses to be placed at the witness stand); and (b) one set for each counsel. All of Petitioner's exhibits shall be marked sequentially beginning with 1 (e.g., 1, 2, etc.). All of Respondent's exhibits shall be marked sequentially beginning with A (e.g., A, B, C...AA, BB, CC...AAA,

BBB, CCC, etc.).

**C.     Substitution of Respondent**

Ron Davis, Acting Warden of San Quentin State Prison, is substituted for his predecessor wardens and acting wardens pursuant to Federal Rule of Civil Procedure 25(d). The Court Clerk is directed to make the appropriate correction to the docket.

IT IS SO ORDERED.

Dated:   **April 8, 2015**

UNITED STATES MAGISTRATE JUDGE