# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHEAL BEAMES,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RON DAVIS, Acting Warden of San Quentin State Prison,<br><br>　　　　Respondent. | Case No. 1:10-cv-01429 AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING UNOPPOSED REQUEST TO SEAL DOCUMENTS AND FOR PROTECTIVE ORDER<br><br>(ECF No. 119) |

Before the Court is Petitioner's May 4, 2015 request to file the following documents under seal and subject to protective order: (1) Petitioner's unopposed request to seal documents and for protective order, totaling three (3) pages, (2) Petitioner's sealed allegations and exhibits in support of joint statement re: April 9, 2015 scheduling order, totaling fifteen (15) pages, and (3) a [proposed] order granting request to seal documents and protective order, totaling two (2) pages.

Petitioner states that these documents contain and discuss the confidential medical information of a non-party, such that the documents should be filed under seal and protected from disclosure.

Petitioner represents that Respondent has been served with copies of the above documents and has no objection to Petitioner's request that the documents be filed under seal and

1

1 subject to protective order.

2 The presumption of public access to judicial records may be overcome by showing a "real and substantial" privacy interest. Maury v. Warden, E.D. Cal. Case No. CIV S-12-1043 WBS DAD, ECF No. 22 at 1:23-2:1, citing Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey, 663 F.3d 1124, 1135-36 (10th Cir. 2011). The Supreme Court has recognized a fundamental privacy right in non-disclosure of personal medical information. Coons v. Lew, 762 F.3d 891, 899 (9th Cir. 2014), citing Whalen v. Roe, 429 U.S. 589, 599 (1977); see e.g., Health Insurance Portability and Accountability Act of 1996, Pub. L. 104–191, 110 Stat. 1936 (codified as amended in scattered sections of 42 U.S.C.) (45 C.F.R. § 164.512) (protected health information thereunder entitled to confidential treatment); accord, Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1083-84 (9th Cir. 2007).

Documents containing confidential information may be filed under seal. Fed. R. Civ. P. 5.2, 26; Eastern District of California Local Rule 141. Medical records are plainly confidential. Eugene S., 663 F.3d at 1135-36 (sealing documents that included "the name of, and/or personal and private medical information.").

A protective order forbidding disclosure of information may issue to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26. The moving party must show a particular need for protection and a balancing of the public and private interests. Id.; Eastern District of California Local Rule 141.1; see In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011); Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995). Where the balance weighs in favor of protection, the court considers whether redaction will allow disclosure. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136-37 (9th Cir. 2003). Confidential information of non-parties may be the subject of a protective order. Fed. R. Civ. P. 26(c)(1); Foltz, 331 F.3d at 1130.

In this case, the Court finds that the separately submitted documents contain confidential private medical information of a non-party. The private interests of the non-party outweigh any public interest in disclosure. There is good cause to issue sealing and protective orders. Respondent does not seek redaction and such is not appropriate.

Accordingly, for the reasons stated, it is HEREBY ORDERED that Petitioner's unopposed request for a sealing and protective order (ECF No. 119) is GRANTED as follows:

1. The Clerk of the Court is directed to file under seal, (1) Petitioner's unopposed request to seal documents and for protective order, totaling three (3) pages, (2) Petitioner's sealed allegations and exhibits in support of joint statement re: April 9, 2015 scheduling order, totaling fifteen (15) pages, and (3) a [proposed] order granting request to seal documents and protective order, totaling two (2) pages,

2. The above documents filed under seal and the information therein constitute confidential information which shall not be disclosed, in whole or part, to any person other than the Court and Court staff and individually named counsel for the parties for their use solely in connection with litigation of the habeas petition pending before this Court,

3. No publicly filed document shall include the above documents and/or the information therein unless authorized by the Court to be filed under seal, and

4. All provisions of this order shall continue to be binding after the conclusion of this habeas corpus proceeding and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment.

IT IS SO ORDERED.

Dated: **May 7, 2015**

UNITED STATES MAGISTRATE JUDGE