# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL BEAMES,<br><br>        Petitioner,<br><br>    v.<br><br>KEVIN CHAPPELL, Warden of San Quentin State Prison,<br><br>        Respondent. | Case No. 1:10-cv-01429-AWI-SAB<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER SETTING INTERIM TELEPHONIC CASE MANAGEMENT CONFERENCE<br><br>Date: May 14, 2015<br>Time: 10 a.m.<br>Courtroom: 9<br>Judge: Stanley A. Boone |

This matter is before the Court on the parties' May 4, 2015 joint statement re: April 9, 2015 scheduling order (ECF No. 118) and related documents filed under seal (ECF No. 119). By this order, the Court sets an interim telephonic case management conference to establish a schedule for phase III briefing of claims 3, 4, 5, 7, 19, 20, 21, 22, 28, 29, 30, 31, 32, 33, 34, 35A-C, 36, 37, 38, 39, 40, 41, 43A-N, 44, 45, 46, 47 and 48, and to discuss the parties' respective positions regarding the currently scheduled February 1, 2006 evidentiary hearing for claim 11.

## I. BACKGROUND

Petitioner's federal petition was filed on July 27, 2011. On August 2, 2011, the Court found that claim 11 (ineffective assistance regarding forensic evidence of cause of death) stated a colorable claim. On March 4, 2014, the Court set an evidentiary hearing on claim 11 for May

1

1  19, 2015.  On March 28, 2014, District Judge Anthony W. Ishii assigned this action to the
2  undersigned.  On December 11, 2014, the Court vacated the May 19, 2015 evidentiary hearing.
3  On January 28, 2015, the Court ordered the federal petition amended by withdrawal of claims 1,
4  2, 6, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 23, 24, 25, 26, 27, 35D, 42 and 49.

5       The parties filed a joint status conference statement on March 26, 2015.  In it, counsel
6  informed the Court of the recent discovery of autopsy-related materials, and proposed pre-
7  evidentiary hearing deadlines for review and analysis of these recently discovered materials and
8  other pre-hearing events.  A telephonic status conference was held on April 1, 2015, after which
9  the Court established scheduling for a February 1, 2016 evidentiary hearing on claim 11, and
10 directed the parties to meet and confer and to file a joint statement regarding the Court's two
11 track approach to concurrent phase III briefing of all record claims, including any concerns and
12 objections thereto.

13      As noted, on May 4, 2015, the parties filed their joint statement.

14 **II.     DISCUSSION**

15 **A.     Phase III Briefing of Record Claims**

16      The parties' joint statement demonstrates agreement that claims 3, 4, 5, 7, 19, 20, 21, 22,
17 28, 29, 30, 31, 32, 33, 34, 35A-C, 36, 37, 38, 39, 40, 41, 43A-N, 44, 45, 46, 47 and 48 have been
18 exhausted and that no procedural or limitations issues are pending resolution.

19      The parties propose two alternative briefing schedules, each of which assumes that the
20 current February 1, 2016 evidentiary hearing date remains intact and that counsels' cited
21 resource limitations and responsibilities in other matters continue unabated.  The first alternative
22 schedule is for full briefing of claims 4, 5, 30 and 37 by not later than February 24, 2017.  The
23 second alternative schedule is for full briefing all record claims by not later than August 4, 2017.

24 **B.     Parties' Concerns and Objections to the Court's Two Track Approach**

25      The parties' joint statement demonstrates disagreement regarding the Court's two track
26 approach.  Both object to it. Petitioner objects with a view toward keeping intact the current
27 February 1, 2016 evidentiary hearing on claim 11.  Respondent objects with a view toward
28 continuing the claim 11 evidentiary hearing until completion of phase III briefing of record

claims. The parties' respective arguments are summarized below.

1. <u>Petitioner</u>

Petitioner objects to the two track approach because it will likely require a continuance of the February 1, 2016 evidentiary hearing and/or delay the Court's possibly favorable decision following evidentiary hearing on claim 11. Petitioner, now 62 years of age, argues that this Court expedited claim 11 because it is potentially dispositive in his favor. To delay resolution of claim 11 risks Petitioner's continuing unjustifiable incarceration. Petitioner's litigation strategy has relied on the Court's expedited treatment of claim 11.

Petitioner points to the recently located forensic evidence, victim pathology slides and tissue samples, which must be assessed by experts and reflected in the parties' presentations at the claim 11 evidentiary hearing. A two track approach could impede these preparations.

Petitioner also points to counsel's short staffing, case load conflicts and lack of resources. Petitioner argues that given the strength of claim 11, devoting resources to anything other than the claim 11 evidentiary hearing would be a waste of judicial and counsel resources.

2. <u>Respondent</u>

Respondent objects to the two track approach because piecemeal claim resolution wastes resources and delays a decision on the petition. Respondent contends a two track approach may require multiple evidentiary hearings and duplicative factual development and presentation of evidence and is generally disfavored.

Respondent also claims that a two track approach is simply not practical given the number and complexity of claims alleged, the amount of preparation required for phase III briefing, and counsel's conflicting responsibilities in other cases.

**C.     Interim Case Management Conference**

The Court will conduct an interim case management conference to address these and other issues pertaining to the evidentiary hearing, phase III briefing, and the Court's two track approach. Specifically, the parties should be prepared to address the possibility of initial phase III briefing of all record claims, consisting of an answer (without points and authorities) and traverse; points and authorities addressing 28 U.S.C. § 2254(d) in support of and opposition to

the claims and Petitioner's reply (i.e., evidentiary development and procedural default would be reached in subsequent phase III briefing of any claims the Court determines to be at issue). Further, the parties should be prepared to address the assumptions underlying their proposed scheduling, including the impact of the current, or any continued, evidentiary hearing and of the newly discovery pathology evidence.  Finally, the parties should be prepared to address asserted lack of resources and workload conflicts including their intentions for dealing with any such limitations and any options for expediting the phase III briefing.

At the conclusion of the case management conference, Respondent's counsel will be excused and the conference will continue ex parte with counsel for Petitioner present to discuss any budgeting issues.

### III.  ORDER

Accordingly, it is HEREBY ORDERED that an interim telephonic case management conference is set for May 14, 2015, at 10 a.m., in Courtroom 9 before the undersigned.  The attorneys are directed to contact the Court's Courtroom Deputy Clerk, Ms. Mamie Hernandez, to obtain the teleconference code.

IT IS SO ORDERED.

Dated:   **May 8, 2015**

_____
UNITED STATES MAGISTRATE JUDGE