# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL BEAMES,<br><br>        Petitioner,<br>   v.<br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>        Respondent. | Case No. 1:10-cv-01429-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING STIPULATED BITTAKER PROTECTIVE ORDER<br><br>(ECF No. 131) |

Before the Court is the parties' September 2, 2015 stipulation for protective order relating to ineffective assistance of counsel claims. The parties agree that litigation of these claims will intrude upon matters heretofore protected by the attorney-client and attorney work product privileges. The parties also agree that pursuant to Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003), Petitioner has waived his attorney-client and work product privileges to the extent necessary to litigate his habeas claims of ineffective assistance of counsel, and that the protective order that follows should be issued pursuant to Bittaker, 331 F.3d at 717 n.1 and Lambright v. Ryan, 698 F.3d 808 (9th Cir. 2012).

In Bittaker, the Ninth Circuit upheld a protective order that precluded the use of the petitioner's privileged materials "for any purpose other than litigating the federal habeas petition, and barr[ed] the Attorney General from turning them over to any other persons or offices,

1

1 including, in particular, law enforcement or prosecutorial agencies." See Bittaker, 331 F.3d at
2 717. The Ninth Circuit noted that while the "fairness principle" requires a litigant to make a
3 limited waiver of the attorney-client privilege when he puts the lawyer's performance at issue
4 during the course of litigation, id. at 718–19, courts must "closely tailor[ ] the scope of the
5 waiver to the needs of the opposing party in litigating the claim in question," id. at 720.

6     The Ninth Circuit found that two primary considerations supported extending protections
7 to privileged information disclosed during habeas litigation. First, the Ninth Circuit noted that a
8 broad waiver rule, i.e., one that does not protect privileged information, "would no doubt inhibit
9 the kind of frank attorney-client communications and vigorous investigation of all possible
10 defenses that the attorney-client and work product privileges are designed to promote." Id. at
11 722. Second, the Ninth Circuit wanted to ensure that both the prosecution and defense would be
12 put "back at the same starting gate" if the petitioner won habeas relief, id. at 722–23, and
13 "allowing the prosecution at retrial to use information gathered by the first defense lawyer -
14 including the defendant's statements to his lawyer - would give the prosecution a wholly
15 gratuitous advantage," id. at 724.

16     Although Bittaker dealt with a protective order in the context of court-compelled
17 discovery, the Ninth Circuit has since made clear that Bittaker's holding "extends to the entire
18 habeas litigation, not to pretrial discovery only." See Lambright 698 F.3d at 818-22.

19     Accordingly, for good cause shown, and pursuant to the parties' stipulation (ECF No.
20 131), it is HEREBY ORDERED that:

21     1. For purposes of the evidentiary hearing and preparation for the evidentiary
22         hearing in this federal habeas action, trial counsel's files that relate to Petitioner's
23         ineffective assistance of counsel claims, including the files of any investigators or
24         experts retained by trial counsel, shall be deemed to be confidential. These
25         documents and materials (hereinafter "Documents") disclosed to Respondent's
26         counsel from trial counsel's file, may be used only by representatives from the
27         Office of the California Attorney General and any expert retained by the Attorney
28         General's Office in this federal habeas proceeding. If a representative of the

          Attorney General's Office provides the confidential materials to an expert as authorized above, the Attorney General's Office shall inform the expert of this protective order and the expert's obligation to keep the Documents confidential.

2. Disclosure of the contents of the Documents and the Documents themselves may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this Court.  However, the terms of this order do not prohibit representatives of the Attorney General's Office from disclosing or discussing items within the confidential materials with Petitioner's trial counsel or anyone on the trial team who worked on behalf of trial counsel (e.g., defense paralegals/assistants and defense investigators).  Nor does this order prohibit representatives of the Attorney General's Office from disclosing and discussing with witnesses their own statements or observations that were recorded or summarized in any reports contained in trial counsel's files.

3. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment in this matter.

IT IS SO ORDERED.

Dated:  **September 3, 2015**

UNITED STATES MAGISTRATE JUDGE