# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL BEAMES,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>　　　　　　Respondent. | Case No. 1:10-cv-01429-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER FOLLOWING HEARING ON PETITIONER'S MOTION TO EXCLUDE ANGELITA McMAINS AS A WITNESS AT EVIDENTIARY HEARING<br><br>(ECF No. 136) |

Before the Court is Petitioner's October 1, 2015 motion to exclude Respondent's designated lay witness, Angelita McMains, from the February 1, 2016 evidentiary hearing on grounds Ms. McMains's testimony would be irrelevant (Fed. R. Evid. 402), cumulative (Fed. R. Evid. 403), and subject her to harassment and embarrassment (Fed. R. Evid. 611). Respondent filed opposition to the motion on October 12, 2015. Petitioner replied to the opposition on October 13, 2015.

The matter came on for hearing on October 23, 2015, at 4:35 p.m., in the above-entitled Court, the Honorable Stanley A. Boone presiding. Counsel Harry Simon and Matthew Scoble appeared for Petitioner and counsel Robert Gezi and Kevin Quade appeared for Respondent, all appeared telephonically.

1

# I.

# FACTUAL BACKGROUND

Petitioner was arrested on January 20, 1994, in connection with the death of Cassie McMains, the 15-month old daughter of Petitioner's girlfriend, Angelita McMains. The California Supreme Court, in summarizing the facts of this case, found that "[o]n January 19, 1994, Cassie bled to death due to a transection of her liver; that is, her liver had been hit so hard it was split nearly in two." People v. Beames, 40 Cal. 4th 907, 911 (2007).

Petitioner and Ms. McMains were charged with various crimes in relation to Cassie's death. Their trials were severed. Petitioner was charged with murder (Pen. Code § 187), a special circumstance allegation that the murder involved the infliction of torture (Pen. Code § 206), and possession of a firearm by an ex-felon (Pen. Code § 12021).

The evidence presented at Petitioner's trial included "medical testimony concerning the numerous physical injuries Cassie suffered in the weeks, days, hours, and minutes leading up to her death, and testimony from Cassie's natural father [Ricky Hager], [Petitioner's] siblings, McMains's father, and [Petitioner] himself." Beames, 40 Cal. 4th at 911.

On August 22, 1995, Petitioner was found guilty of all charges and the alleged special circumstance. On September 1, 1995, the jury returned a verdict of death. On March 22, 2007, the judgment was affirmed on automatic appeal in Case No. S050455. Beames, 40 Cal. 4th at 907.

# II.

# PROCEDURAL BACKGROUND

A petition for writ of habeas corpus was filed in the California Supreme Court on June 7, 2007. Claim 1 of the state petition alleged Petitioner's Sixth Amendment rights were violated by trial counsel's failure to challenge the prosecution's forensic evidence including as to the cause of Cassie's death. On July 28, 2010, the state petition was summarily denied on the merits, without issuance of an order to show cause.

Petitioner's federal petition was filed on July 27, 2011. The Court reviewed the federal petition and directed the Respondent to file an answer to claim 11, which alleges that trial

counsel was prejudicially deficient at the guilt phase by failing to (1) retain and present his own pediatric forensic pathologist with respect to Cassie's cause of death; (2) adequately cross-examine the prosecution's medical experts on this subject; (3) request lesser included instructions; and (4) conduct a reasonable investigation with respect to Cassie's cause of death. Respondent filed his answer on August 29, 2011.

On April 9, 2015, the Court set a February 1, 2016 evidentiary hearing on claim 11. The Court deferred merits briefing of record claims 3, 4, 5, 7, 19, 20, 21, 22, 28, 29, 30, 31, 32, 33, 34, 35A-C, 36, 37, 38, 39, 40, 41, 43A-N, 44, 45, 46, 47 and 48 until after the evidentiary hearing.

## III.

## DISCUSSION

**A.  Legal Standards**

1.  <u>Relevancy</u>

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

"Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402.

In order to be "relevant"

> [E]vidence need not be conclusive proof of a fact sought to be proved, or even strong evidence of the same. All that is required is a tendency to establish the fact at issue. The Advisory Committee Notes to the 1972 Proposed Rules remind us that [r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. In that relation, [t]he fact to be proved may be ultimate, intermediate, or evidentiary; it matters not, so long as it is of consequence in the determination of the action.

<u>U.S. v. Curtin</u>, 489 F.3d 935, 943 (9th Cir. 2007).

Determinations of relevance and admissibility of evidence are largely with the discretion

3

of the trial court. U.S. v. Linetsky, 533 F.2d 192, 204 (5th Cir. 1976). The judge decides whether evidence makes more or less probable the existence of a fact of consequence in the suit, and this issue is one of admissibility under Rule 104(a). 1 Federal Evidence § 4:3 (4th ed.)

The federal rules favor admission of evidence rather than exclusion if the evidence has any probative value at all. U.S. v. Carranco, 551 F.2d 1197, 1200 (10th Cir. 1977).

2. Prejudice

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; see also U.S. v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000) (recognizing that the court's Rule 104(a) authority allows it to exclude evidence under Rule 403).

Exclusion of evidence under Rule 403 is in the first instance a matter for the sound exercise of discretion by the trial judge. 1 Federal Evidence § 4:11 (4th ed.)

3. Protection of Witnesses

"The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a).

The trial court has a duty to protect a witness from questions which merely harass, annoy or humiliate him. Alford v. U.S., 282 U.S. 687, 694 (1931).

There is an "ever present need, power and duty resting upon the trial court to protect witnesses from undue harassment or embarrassment; as well as to move, with reasonable dispatch, the trial of the action and to limit its ranging too far afield." U.S. v. Crosby, 462 F.2d 1201, 1202 (1972).

If a question has been asked and answered, the trial court has broad discretion to limit or preclude repetitive and unduly harassing interrogation. See e.g., Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986) (trial judge retains wide latitude to impose reasonable limits on cross-examination based on concerns about harassment, prejudice, or that the interrogation is repetitive

or only marginally relevant).

**B.     Summary of Parties' Arguments**

1.     Petitioner

Petitioner argued at the hearing that should Ms. McMains be allowed to testify, she would not be able offer percipient testimony contradicting the opinions of Petitioner's experts, Drs. Ophoven and Bux, or add to her previous statements and testimony (see ECF No. 136, Ex.'s 1-3), that:

- She never saw Petitioner physically abuse Cassie (ECF No. 136, Ex. 1, at 13-14; id., Ex. 2, at 37; id., Ex. 3, at 83, 87-88).
- Petitioner never physically abused her (ECF No. 136, Ex. 1, at 21; id., Ex. 2, at 42; id., Ex. 3, at 67-68).
- The broken leg Cassie suffered some months before her death was an accident (ECF No. 136, Ex. 1, at 15; id., Ex. 2, at 34-35, 56-57; id., Ex. 3, at 69).
- Shortly before Cassie's death, Petitioner told her that Cassie had burned herself on a heating grate; she saw burns on Cassie's hands and feet (ECF No. 136, Ex. 1, at 16; id., Ex. 2, at 39-41, 42-43, 45, 58-59; id., Ex. 3, at 74).
- Petitioner was very possessive of Cassie and insisted on caring for her himself (ECF No. 136, Ex. 1, at 26-27; id., Ex. 2, at 36, 38, 44; id., Ex. 3, at 72-73).
- She did not see what condition Cassie was in just before her death (ECF No. 136, Ex. 1, at 9, 22; id., Ex. 2, at 50-53; id., Ex. 3, at 77).
- She saw Petitioner changing Cassie around midnight on the night of January 18, 1994 (ECF No. 136, Ex. 1, at 7, 18, 24-25; id., Ex. 2, at 47-48; id., Ex. 3, at 76).
- Petitioner did not let her see Cassie on the morning of January 19 [1994] and was anxious that she leave the house quickly to take Darrian to a scheduled medical appointment (ECF No. 136, Ex. 1, at 8-10, 19-20, 30; id., Ex. 2, at 50-53; id., Ex. 3, at 77).
- Later on the morning of January 19, [1994], when she returned after Darrian's medical appointment, Petitioner told her that Cassie was dead and that her death

5

1         was an accident (ECF No. 136, Ex. 1, at 11-13; id., Ex. 2, at 54-55; id., Ex. 3, at

2         77).

3 (See also ECF No. 136 at 3:14-4:10).

4     Petitioner argued that Ms. McMains's previous statements and testimony regarding Cassie's history of some abuse and significant neglect is conceded both by his experts and by Respondent's expert, Dr. Cohen.

7     Petitioner argued that Ms. McMains's proposed testimony would be prejudicial to the extent she refused to testify at Petitioner's criminal proceeding and was not offered immunity to do so.

10     2.    <u>Respondent</u>

11     Respondent argued at the hearing that Ms. McMains is the sole percipient witness and would testify as to facts and circumstances leading up to and surrounding Cassie's death, probative of Petitioner's alternative cause of death theory. He points to statements from interviews Ms. McMains gave to local law enforcement on January 20, 1994 (see ECF No. 137, Ex.'s A-C), that:

- Petitioner told her that he had tried to revive Cassie by performing hours of "mouth to mouth" resuscitation (ECF No. 137, Ex. B, at 82).
- Prior to Cassie's death, she saw burns on Cassie's feet that appeared to be healing (ECF No. 136, Ex. 3, at 74; ECF No. 137, Ex. A, at 17, 23, 29, 44; id., Ex. B, at 103).
- Petitioner was responsible for feeding Cassie the meals prepared by Ms. McMains (ECF No. 137, Ex. A, at 18, 25-27, 41-42).
- Petitioner would not allow her to hold or care for Cassie in the days preceding Cassie's death (id., Ex. A, at 21-27).
- Petitioner told her, on the morning of January 19, 1994, that Cassie had been sick (ECF No. 136, Ex. 2, at 50, 52), yet she could not recall Cassie having shown signs of sickness (id., Ex. 3, at 79).
- Petitioner had been violent with Cassie (ECF No. 137, Ex. A at 31, 59; id., Ex. C,

at 110-11, 126-27) and Cassie was timid in Petitioner's presence (ECF No. 136, Ex. 3, at 79).

Respondent argued that only a portion of Ms. McMains's prior statements and testimony is sworn and in the record in this action.

Respondent argued that Ms. McMains's credibility, to the extent it is in issue, could best be evaluated at the hearing.

Respondent argued that any prejudice arising from Ms. McMains's heretofore unasserted Fifth Amendment rights is ameliorated by available use immunity.

**C.     Analysis**

Central to claim 11 is whether trial counsel unreasonably failed to contest the prosecution's theory that Cassie had been killed by blunt force trauma to her midsection that nearly severed her liver and caused a fatal internal hemorrhage.

Petitioner plans to offer opinion from Drs. Bux and Ophoven, that a competent autopsy and forensic analysis would have shown that Cassie died not from trauma, but from malnutrition, dehydration, aspirational pneumonia and a head wound, leading to a massive infection and septic shock; and that Cassie's internal injuries including the lacerated liver and multiple broken ribs were incurred post-mortem when Petitioner attempted CPR.

Respondent plans to offer expert opinion from Dr. Cohen, that the cause of death was as stated at trial. To this end, Respondent has designated Ms. McMains as a potential lay witness, in order that she may testify about

> [I]njuries suffered by Cassie prior to her death, namely burns, bruising and a broken femur. Ms. McMains may also testify that [Petitioner] was very possessive of Cassie and that he was her primary caretaker during the days leading up to Cassie's death. Ms. McMains may also testify about [Petitioner's] statements and conduct in connection with Cassie's death.

(ECF No. 135 at 1:24-2:2.)[1]

The Court finds the instant motion to be a close call. The alternative cause of death theory raises issues which, though largely in the province of experts, can be informed by lay

---

[1] All pagination references are to Bates numbering unless otherwise noted.

testimony. The parties' dispute the immediate cause of death, though their experts appear to concede that some abuse and significant neglect including malnutrition, probable dehydration, and possible infection with or without sepsis were at least factors contributing to death. (See e.g., ECF No. 127, at 18-19; id., at 67-68; ECF No. 128-1, at 7-8.)

Ms. McMains's prior statements and testimony, to the extent admissible evidence, may or may not be comprehensive of her knowledge relevant to the alternative cause of death. Significantly, the alternative cause of death was not in issue when Ms. McMains gave the bulk of her prior statements and testimony. Evidence of new matter, and even evidence that is relevant on a conceded point or one established or supported by other proof, is not necessarily cumulative or wasteful of time. 1 Federal Evidence § 4:15 (4th ed.); see also U.S. v. Hearod, 499 F.2d 1003, 1004-1005 (5th Cir. 1974) (admitting evidence of injuries suffered even though defendant had previously admitted the existence of the injuries).

The possibility that Ms. McMains may be impeached is not a basis to exclude her. Ms. McMains apparently concedes that some of her prior statements and testimony is equivocal and self-conflicting. (ECF No. 137, Ex. A at 1412.) Nonetheless, the parties are free to attack her credibility. Fed. R. Evid. 607. Moreover, other witnesses appear to have given testimony which differs from Ms. McMains's testimony. For example, Petitioner stated to at least one other witness that "he had been giving [Cassie] CPR for like five hours . . ." (see trial testimony of Tammy Beames, Vol. 8, RT: 833), in contrast to Ms. McMains's noted statement that Petitioner administered only "mouth to mouth."

The Court finds that at this juncture, the best course of action is to hold the instant motion in reserve and allow counsel a brief opportunity to meet and confer and submit a stipulated resolution related to the issues presented if they wish. At the October 23, 2015 hearing, the parties discussed the "possibility" of a stipulation relating to admission of Ms. McMains's prior statements and testimony. The Court intends that the parties particpate in this discussion irrespective of whether she will provide live testimony or not. The parties should be mindful that in looking to the stipulation the Court may foreclose any use of live testimony or may include some or all of the requested live testimony. This stipulation may involve past evidence related to

Ms. McMains as well as any stipulation regarding live testimony by her.  Therefore, the parties should keep this fact in mind in negotiating stipulations and should use the opportunity provided herein to stipulate wisely. The Court is mindful that it cannot order the parties to stipulate to anything but that any stipulation does assist in the Court's in its analysis as to the ultimate issue regarding admissible of evidence.  The Court will assess the parties' stipulated submittal and then rule on the motion without further hearing.

## IV.

## ORDER

Accordingly, it is hereby ORDERED that counsel for the parties, within twenty-one (21) days of the filed date of this order, shall meet and confer and file a joint statement which shall include their efforts to reach a stipulated resolution of the instant motion including the issues of Ms. McMains's prior statements and testimony becoming part of the record in this case and Ms. McMains's proposed live testimony at the evidentiary hearing and the results of such efforts. Petitioner's motion to exclude Angelita McMains from the February 1, 2016 evidentiary hearing (ECF No. 136) is held in reserve pending the foregoing.

IT IS SO ORDERED.

Dated:   **November 3, 2015**

UNITED STATES MAGISTRATE JUDGE

.