# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL BEAMES,<br><br>    Petitioner,<br><br>    v.<br><br>RON DAVIS, Warden of California State Prison at San Quentin,<br><br>    Respondent. | Case No. 1:10-cv-01429-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING PETITIONER'S MOTION FOR VIDEOTAPED DEPOSITION OF MAUREEN GRIFFIN IN LIEU OF TESTIMONY<br><br>(ECF No. 151) |

Before the Court is Petitioner's motion filed November 13, 2015, for authorization to take a videotaped deposition of Maureen Griffin, a potential lay witness who was paralegal to trial counsel, and to use the deposition in lieu of live testimony at the February 1, 2016 evidentiary hearing. Petitioner argues that on November 2, 2015, Ms. Griffin, a Texas resident since 2007, advised counsel she is unwilling to travel to Fresno to testify at the hearing. Respondent filed a response to the motion on November 20, 2015. Petitioner replied to the response on November 23, 2015.

Based on the facts of this case and controlling law, the motion is amenable to decision without a hearing.

## I.

## BACKGROUND

Petitioner was arrested on January 20, 1994, in connection with the death of Cassie

McMains, the 15-month old daughter of Petitioner's girlfriend, Angelita McMains. He was charged with murder (Pen. Code § 187), a special circumstance allegation that the murder involved the infliction of torture (Pen. Code § 206), and possession of a firearm by an ex-felon (Pen. Code § 12021).

On August 22, 1995, Petitioner was found guilty of all charges and the alleged special circumstance. On September 1, 1995, the jury returned a verdict of death. On March 22, 2007, the judgment was affirmed on automatic appeal in California Supreme Court Case No. S050455. See People v. Beames, 40 Cal. 4th 907 (2007).

A petition for writ of habeas corpus was filed in the California Supreme Court on June 7, 2007. On July 28, 2010, the state petition was summarily denied on the merits.

Petitioner's federal petition was filed on July 27, 2011. The Court reviewed the federal petition and directed the Respondent to file an answer to claim 11, which alleges that trial counsel was prejudicially deficient at the guilt phase by failing to (1) retain and present his own pediatric forensic pathologist with respect to Cassie's cause of death; (2) adequately cross-examine the prosecution's medical experts on this subject; (3) request lesser included instructions; and (4) conduct a reasonable investigation with respect to Cassie's cause of death. Respondent filed his answer on August 29, 2011.

The Court has set a February 1, 2016 evidentiary hearing on claim 11.

## II.

## SUMMARY OF ARGUMENTS

Petitioner argues that he should be allowed to depose Ms. Griffin in Texas, by videotape, because she is beyond the Court's subpoena power and unavailable to testify at the hearing.

Respondent opposes the motion, arguing that there is not good cause to depose Ms. Griffin in Texas; that any deposition should occur only after the evidentiary hearing; and that as an alternative to deposition, Ms. Griffin should provide live testimony during the hearing remotely from a location near her residence in Texas.

Petitioner replies to the opposition by reiterating his request that he be allowed to depose Ms. Griffin as an unavailable witness, but also by stating his non-opposition to live remote

testimony provided it occurs after the hearing.

## III.

## ANALYSIS

The Court finds that Petitioner's motion for videotaped deposition shall be granted for the reasons that follow.

A subpoena is ineffective to command a nonparty witness to appear at a hearing that is held more than 100 miles from her residence. Fed. R. Civ. P. 45(c)(1); see also Iorio v. Allianz Life Ins. Co. of North America, --- F. Supp. ----, 2009 WL 3415689, at *1 (S.D. Cal. October 21, 2009) (Rule 45 governs the issuance and service of subpoenas in federal civil actions); Roller Bearing Co. of America, Inc. v. American Software, Inc., 570 F. Supp. 2d 376, 389 (D. Conn. 2008) (a court cannot require a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business to appear before it); In re Guthrie, 733 F.2d 634, 637 (4th Cir. 1984) (under Rule 45, a nonparty witness outside the state in which the district court sits, and not within 100 miles of the court, may not be compelled to attend a hearing or trial, and the only remedy available to litigants, if the witness will not attend voluntarily, is to take her deposition).

Petitioner has demonstrated that Ms. Griffin is unwilling to come to Fresno, California for the hearing, and that she resides in McKinney, Texas. (See ECF No. 151, Ex. 1 at ¶ 3; id., Ex. 2 at ¶ 4.) The Court takes notice that there are 1330 miles from Fresno, California to McKinney, Texas. See Distances Between Cities, http://www,distance-cities.com/distance-fresno-ca-to-mckinney-tx (last visited November 24, 2015). Ms. Griffin is unavailable as a witness for hearing in Fresno, California. Moreover, Ms. Griffin has resided in McKinney, Texas since 2007. (See ECF No. 151, Ex. 2 at ¶ 4.) Nothing before the Court suggests her absence from the evidentiary hearing has been procured by Petitioner. Fed. R. Civ. P. 32(a)(4)(B).

Respondent argues that its and the Court's preference is for live testimony. However, in this instance, the witness is unavailable to testify.

The Court rejects as unsupported Respondent's arguments that other witnesses may cover

Ms. Griffin's proposed testimony and that any deposition of Ms. Griffin should take place only after the conclusion of live testimony at the evidentiary hearing.

Respondent also argues that Ms. Griffin could give live remote testimony pursuant to Federal Rule of Civil Procedure 43(a), which provides that "for good cause shown in compelling circumstances and upon appropriate safeguards, [a court may] permit presentation of testimony in open court by contemporaneous transmission from another location." However, the advisory committee notes to Rule 43(a) provide that such "[t]ransmission cannot be justified merely by showing that it is inconvenient for the witness to attend trial." Fed. R. Civ. P. 43 advisory committee's note (1996 Amendment).

Though counsel for both sides may be agreeable in concept to live remote testimony, they are unable to agree whether the remote testimony should occur during the evidentiary hearing or only after its conclusion. Significantly, Petitioner has not motioned for relief under Rule 43. Even if he had, the basis for such relief appears to be nothing more than mere inconvenience – an insufficient basis under the noted authority. The Court finds no sufficient facts demonstrating "good cause in compelling circumstances" which might support testimony in open court by contemporaneous transmission from a different location. See Fed. R. Civ. P. 43(a); see also Dagen v. CFC Group Holdings Ltd., --- F. Supp. 2d ----, 2003 WL 22533425, at *1 (S.D.N.Y. November 7, 2003) (good cause for remote testimony found where witnesses resided in Hong Kong and a named party would suffer incurable prejudice without their testimony).

The Court finds that Ms. Griffin may be deposed and her deposition used at the evidentiary hearing. Fed. R. Civ. P. 32(a)(4); see also Johnson v. Bay Area Rapid Transit District, --- F. Supp. ----, 2014 WL 2514542, at *3, (N.D. Cal. June 4, 2014) (deposition of witness may be used where the witness is unavailable).

### IV.

### ORDER

For the reasons stated, it is hereby ORDERED that Petitioner's motion for videotaped deposition of Maureen Griffin in lieu of testimony at the evidentiary hearing is GRANTED, said deposition to occur within 100 miles of Mr. Griffin's residence in McKinney, Texas, at a place

designated by Petitioner's counsel and on such date and at such time as may be agreed upon by the parties and Ms. Griffin, provided that the deposition shall be completed by not later than January 2, 2016, and further provided that nothing precludes the parties from stipulating to Rule 30(b)(4) video deposition by remote means otherwise consistent with this order.

IT IS SO ORDERED.

Dated: **December 3, 2015**

UNITED STATES MAGISTRATE JUDGE