# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL BEAMES,<br><br>        Petitioner,<br><br>   v.<br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>        Respondent. | Case No. 1:10-cv-01429-AWI-SAB<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER DENYING PETITIONER'S MOTION TO EXCLUDE ANGELITA McMAINS AS A WITNESS AT EVIDENTIARY HEARING<br><br>(ECF No. 136) |

Before the Court is a motion to exclude Respondent's designated lay witness, Angelita McMains, from the February 1, 2016 evidentiary hearing. The motion has been held in reserve pending the parties' recently filed joint statement regarding the testimony of Ms. McMains.

**I.**

**BACKGROUND**

On October 1, 2015, Petitioner filed a motion to exclude Respondent's designated lay witness, Angelita McMains, from the February 1, 2016 evidentiary hearing on claim 11. Petitioner argues that Ms. McMains would not be able offer percipient testimony contradicting the opinions of Petitioner's experts, or adding to her previous statements and testimony – such

1

that her proposed testimony would be irrelevant, cumulative and subject her to harassment and embarrassment.

Respondent opposes the motion to exclude Ms. McMains. Respondent argues that Ms. McMains would be able to testify to facts and circumstances leading up to and surrounding the death of her daughter, Cassie, probative of Petitioner's alternative cause of death theory.

On October 28, 2015, the matter came on for hearing before the undersigned. On November 3, 2015, the Court issued an order holding the motion in reserve and directing the parties to meet and confer regarding possible stipulated resolution, and to file a joint statement describing their efforts and the result. The noted joint statement was filed on November 19, 2015.

## II.

## ANALYSIS

Claim 11 in the federal petition relates to whether trial counsel unreasonably failed to contest the prosecution's theory that Cassie was killed by blunt force trauma. Petitioner plans to offer expert opinion from Drs. Bux and Ophoven, that a competent autopsy and forensic analysis would have shown that Cassie died from malnutrition, dehydration, aspirational pneumonia and a head wound, leading to a massive infection, and that Cassie's internal injuries were incurred after Cassie's death when Petitioner attempted CPR.

Respondent plans to offer expert opinion from Dr. Cohen, that the cause of death was blunt force trauma as stated at trial. Respondent has designated Ms. McMains as a potential lay witness, so that she may testify about

> [I]njuries suffered by Cassie prior to her death, namely burns, bruising and a broken femur. Ms. McMains may also testify that [Petitioner] was very possessive of Cassie and that he was her primary caretaker during the days leading up to Cassie's death. Ms. McMains may also testify about [Petitioner's] statements and conduct in connection with Cassie's death.

(ECF No. 135 at 1:24-2:2.)[1]

---

[1] All pagination references are to Bates numbering unless otherwise noted.

1    The joint statement reflects that Petitioner is willing to stipulate to admissibility of noted
2 interviews and testimony given by Ms. McMains *in lieu* of her live testimony at the hearing; and
3 that Respondent is willing to so stipulate but *not in lieu* of her live testimony.  The parties' noted
4 positions on the motion otherwise appear unchanged.

5    The Court, for the reasons that follow, will deny Petitioner's motion to exclude Ms.
6 McMains from the February 1, 2016 evidentiary hearing.  Furthermore, given the parties' failure
7 to stipulate, the Court will not now rule on the admissibility or inadmissibility of the noted
8 interviews and testimony, portions of which appear not to be part of the state record in this case.

9   **A.   Probity**

10    Ms. McMains could offer relevant testimony probative of the alternative cause of death
11 theory advanced by Petitioner.  See Fed. R. Civ. P. 401-402.  Though the parties' experts appear
12 to concede that some abuse and significant neglect including malnutrition, probable dehydration,
13 and possible infection with or without sepsis contributed to death, the extent to which one or
14 more of these factors may have been the immediate cause of death remains in dispute.  (See e.g.,
15 ECF No. 127, at 18-19; id., at 67-68; ECF No. 128-1, at 7-8.)  Ms. McMains's percipient
16 testimony at the February 1, 2016 hearing could inform whether and the extent to which one or
17 more of these factors contributed to Cassie's death.  Especially so given that Ms. McMains, who
18 was separately prosecuted on charges related to Cassie's death, did not testify at Petitioner's
19 criminal proceeding.

20    Ms. McMains's prior statements and testimony, to the extent admissible evidence, are not
21 necessarily comprehensive of what she knows of events and circumstances relevant to
22 Petitioner's alternative cause of death theory.  The alternative theory was not in issue when Ms.
23 McMains gave the bulk of her noted interview statements and testimony.  Evidence of new
24 matter and even evidence that is relevant on a conceded point or one established or supported by
25 other proof, is not necessarily cumulative or wasteful of time.  See 1 Federal Evidence § 4:15
26 (4th ed.); see also U.S. v. Hearod, 499 F.2d 1003, 1004-1005 (5th Cir. 1974) (admitting evidence
27 of injuries suffered even though defendant had previously admitted the existence of the injuries).
28 The federal rules favor admission of evidence rather than exclusion if the evidence has any

probative value.  U.S. v. Carranco, 551 F.2d 1197, 1200 (10th Cir. 1977).

The possibility that Ms. McMains may be impeached is not a basis to exclude her from the hearing.  Other witnesses appear to have given testimony which differs from that given by Ms. McMains.  For example, Petitioner stated to at least one other witness that "he had been giving [Cassie] CPR for like five hours . . . ." (see trial testimony of Tammy Beames, Vol. 8, RT: 833), in contrast to Ms. McMains's noted statement that Petitioner administered only "mouth to mouth."  Ms. McMains seems to concede that her prior statements and testimony are in part equivocal and self-conflicting.  (See ECF No. 137, Ex. A at 1412.)  Nevertheless, the parties would remain free to attack her credibility should she testify.  See Fed. R. Evid. 607.

**B.     Prejudice**

The Court finds scant suggestion of unfair prejudice should Ms. McMains be allowed to testify at the evidentiary hearing.  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Exclusion of evidence under Rule 403 is in the first instance a matter for the sound exercise of discretion by the trial judge.  See 1 Federal Evidence § 4:11 (4th ed.)

For the reasons stated *ante*, that the parties' experts may concede Cassie's history of some abuse and significant neglect does not necessarily preclude Ms. McMains from giving additional probative testimony or demonstrate prejudice therefrom.  Similarly, Petitioner has not made a factual showing of prejudice merely by arguing that Ms. McMains may have refused to testify at Petitioner's criminal proceeding.  Even if she did, on the facts of this case the prospect of prejudice from her proposed testimony at evidentiary hearing appears at best theoretical.

The Court retains control over the mode of questioning at hearing and is in a position to enable the ascertainment of the truth, avoid needless consumption of time, and protect witnesses from harassment or undue embarrassment.  See Fed. R. Evid. 611(a); Alford v. U.S., 282 U.S. 687, 694 (1931) (court has a duty to protect witness from questions which merely harass, annoy or humiliate); see also U.S. v. Crosby, 462 F.2d 1201, 1202 (1972) (recognizing the power and

duty resting upon the trial court to protect witnesses from undue harassment or embarrassment). Additionally, counsel may make evidentiary challenges consistent with this order.

### III.
### ORDER

Accordingly, it is hereby ORDERED that Petitioner's motion to exclude Respondent's designated lay witness, Angelita McMains, from the February 1, 2016 evidentiary hearing (ECF No. 136) is DENIED.

IT IS SO ORDERED.

Dated:   **December 7, 2015**

UNITED STATES MAGISTRATE JUDGE

.

5