UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL BEAMES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RON DAVIS, Warden of California State Prison at San Quentin,<br><br>　　　　Respondent. | Case No. 1:10-cv-01429-DAD<br><br>DEATH PENALTY CASE<br><br>FINDINGS AND RECOMMENDATIONS ON PETITIONER'S MOTION TO VACATE FINDINGS AND RECOMMENDATIONS AND DISMISS PETITION AS MOOT<br><br>(ECF No. 236)<br><br>FOURTEEN (14) DAY DEADLINE TO OBJECT |

　　　Petitioner John Michael Beames was convicted and sentenced to death in Tulare County Superior Court on October 11, 1995. The judgment of conviction and sentence was affirmed by the California Supreme Court on March 22, 2007. Petitioner's state habeas petition was denied by the California Supreme Court on July 28, 2010.

　　　On August 9, 2010, Petitioner initiated this action by filing requests for appointment of counsel, stay of execution, and in forma pauperis status. On July 27, 2011, Petitioner, through counsel, filed a federal habeas petition pursuant to 28 U.S.C. § 2254. On October 23, 2013, the Court granted an evidentiary hearing on Claim 11 of the federal petition. On February 1, 2016, the United States District Judge assigned to the case referred conduct of the evidentiary hearing to the undersigned United States Magistrate Judge for issuance of findings and recommendations.

1

1    On October 2, 2017, the undersigned issued findings and recommendations following February 1-3, 2016 evidentiary hearing, that Claim 11 be denied. On December 1, 2017, Petitioner filed objections to the findings and recommendations. Respondent replied to the objections on January 22, 2018. The October 2, 2017 findings and recommendations remain under submission.

On September 2, 2020, counsel for Petitioner filed a motion to vacate findings and recommendations and dismiss the petition filed in this action as moot, based upon Petitioner's death on July 21, 2020. The motion attaches Petitioner's certificate of death as Exhibit A thereto.

As this Court has observed:

> Federal courts have jurisdiction to hear cases and controversies. U.S. Const. art. III, § 2. An actual controversy must exist between the parties throughout all stages of the proceeding. Alvarez v. Smith, —U.S. —, —, 130 S.Ct. 576, 580, 175 L.Ed.2d 447 (2009). An action becomes moot when the issues "are no longer 'live,' " i.e., when the "parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). I[n] these habeas proceedings the relief sought, i.e., petitioner's immediate release from custody, is unique to the petitioner himself and cannot be transferred. "In other words, the claims [are] extinguished upon [a] petitioner's death and no party can be substituted for him." Pennewell v. Carey, No. 2:06–cv0598 JKS EFB, 2008 WL 1860166, at *1 (E.D. Cal. Apr.23, 2008) (citing Fed. R. Civ. P. 25(a)). "Because petitioner's death renders this case moot, the petition for writ of habeas corpus should be dismissed as moot." Garceau v. Woodford, 399 F.3d 1101 (9th Cir.2005). See also Dove v. United States, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976) (dismissing a certiorari petition because petitioner had died); Griffey v. Lindsey, 349 F.3d 1157 (9th Cir.2003) (dismissing a petition for writ of habeas corpus as moot because petitioner had died).

Germino v. Marshall, No. CIV S-08-3010, 2010 WL 5393907, at *1 (E.D. Cal. Dec. 21, 2010).

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that the findings and recommendations filed October 2, 2017 (ECF No. 226) be vacated, and this action be dismissed as having been rendered moot by Petitioner's death.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the filed date of these findings and recommendations, Respondent may file written objections with the Court. The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations."  Any failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 8, 2020**

UNITED STATES MAGISTRATE JUDGE